SANDERS, Justice.
By bill of information, the State charged the defendants with “a theft of property, to-wit, a bull calf, of a value of ($18.00) Eighteen and no/100 Dollars, contrary to and in violation of Article 67 of the Louisiana Criminal Code.” The defendants pleaded not guilty and the case was assigned for trial on October 28, 1968. After the trial had commenced without a jury, defendants moved for a mistrial on the ground they were entitled to trial by jury. The district judge overruled the motion and, having heard the evidence, adjudged the defendants guilty as charged. The defendants filed motions in arrest of judgment and for a new trial reasserting their right to trial by jury. The judge overruled these motions.
The district judge sentenced Jack T. Orr to imprisonment in the parish jail for a period of six months and to pay a fine of $100.00 and costs, and in default of payment of the fine, to be confined in the parish jail for an additional period of six months. He imposed an identical sentence upon Audie Lorrain Brown Orr, but suspended the sentence and placed the defendant on probation for a period of two years.
On application of defendants, we granted certiorari under our supervisory jurisdiction to determine the validity of the proceedings in the trial court. 253 La. 55', 216 So.2d 305.
■ Defendants contend that theft of cattle can be charged only under LSA-R.S. 14:-67.1 and is punishable by imprisonment at hard labor for not less than one nor more than ten years. Hence, they assert their right to a trial by a jury of twelve. La. Const. Art. 7, Sects. 41, 42; LSA-C.Cr.P. Art. 782.
The State, on the other hand, contends it has the discretion to charge the theft of cattle under LSA-R.S. 14:67, the general article of the Louisiana Criminal Code proscribing the theft of property, and that theft of property of a value of less than $20.00 is a misdemeanor triable without a jury.
After examination of the pertinent code articles, we have concluded that the State may charge criminal conduct involving the theft of cattle as a theft under LSA-R.S. 14:67. Article 67 covers the theft of “anything of value” and overlaps Article 67.1 which applies to the theft of cattle and other livestock.
Applicable here is LSA-R.S. 14:4 which provides:
“Prosecution may proceed under either provision, in the discretion of the district *755 attorney, whenever an offender’s conduct is:
“(1) Criminal according to a general article of this Code or Section of this chapter of the Revised Statutes and also according to a special article of this Code or Section of this Chapter of the Revised Statutes; or
“(2) Criminal according to an article of the Code or Section of this Chapter of the Revised Statutes and also according to some other provision of the Revised Statutes, some special statute, or some constitutional provision. ”
Under this article, the District Attorney is vested with the discretion of proceeding under Article 67, the general article carrying a less severe penalty. See State v. Hamlet, 219 La. 278, 52 So.2d 852 and Bennett, Legislation Affecting Criminal Law and Procedure, 17 La.L.Rev. 52.
To sustain their position that criminal conduct involving the theft of cattle can be prosecuted only under LSA-R.S. 14:67.1, the defendants rely upon State v. Ganey, 246 La. 986, 169 So.2d 73. In that case, we held only that when cattle theft is charged under LSA-R.S. 14:67.1, the sentence for attempted cattle theft under the charge is governed by subparagraph (3) of LSA-R.S. 14:27. We find nothing in that decision contrary to the conclusion we have reached here.
Our conclusion that defendants were properly charged under LSA-R.S. 14:67, however, does not end the case. We must yet determine whether a jury trial is required for the offense charged under that article.
In 1968, the United States Supreme Court handed down its decision in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, holding that the Fourteenth Amendment guarantees a right of jury trial in all state criminal cases which, were they to be tried in a federal court, would come within the Sixth Amendment’s guarantee. From its holding, the court excluded petty offenses, those punishable by no more than six months imprisonment and a $500.00 fine.
The court made the jury requirement applicable to all criminal trials begun after, May 20, 1968. DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308; State v. Hochenedel, 253 La. 263, 217 So.2d 392.
After the Duncan decision, the Louisiana Legislature enacted Act. No. 635 of 1968 amending Article 779 of the Louisiana Code of Criminal Procedure to read as follows:
“A defendant charged with a misdemeanor in which the punishment may be a fine in excess of five hundred dollars or .imprisonment for more than six months shall be tried by a jury of five *757 jurors, all of whom must concur to render a verdict; provided, however that a defendant charged with such an offense may waive a trial by jury and elect to be tried by the court.
“A defendant charged with any other misdemeanor shall be tried by the court without a jury. ” (Italics ours.)
As emergency legislation, the foregoing amendment became effective on July 19, 1968. Both the offense charged and the trial in the present case occurred after the effective date.[1] Hence, the amendment applies.
■ Theft of property of a value less than $20.00 is a misdemeanor. LSA-R.S. 14:67; LSA-C.Cr.P. Art. 933. The responsive verdicts to a charge of theft include guilty, guilty of attempted theft, and guilty of unauthorized use of movables. LSA-C.Cr. P. Art. 814. For attempted theft, the maximum sentence is imprisonment for one year and a fine of $200.00. LSA-R.S. 14:27, subpar. (2).
Although the offense charged is a misdemeanor, the' imprisonment may exceed six months. Hence, -in the absence of a jury waiver, Article 779,' as amended, requires trial by a jury of five.
The record contains no jury waiver, nor has the State contended that defendants waived a jury. 'We conclude, therefore, that defendants are entitled to a jury trial. To safeguard this substantial right, a new trial must be granted. ■
For the reasons assigned, the convictions and sentences are reversed and the case is remanded for proceedings consistent with the views herein expressed.

. Section 3 of the Act provides: “Upon the effective date of this act it shall govern all prosecutions regardless of when the offense was committed.”