233 So.2d 535

CITY OF MONROE

v.

J. D. WILHITE.

No. 50040.

March 30, 1970.

J. Carl Parkerson, Monroe, for appellant.

Charles L. Hamaker, Asst. City Atty., for appellee.

SANDERS, Justice.

The City of Monroe charged the defendant in separate affidavits with driving an automobile under the influence of alcohol in violation of Section 24–6 of the City Ordinances and driving in excess of the speed limit in violation of Section 24–8 of the City Ordinances. By agreement between the City Attorney and defense counsel, the cases were consolidated for trial. Defendant moved for a jury trial, relying upon the decision of the United States Supreme Court in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). The City Judge overruled the motion. After trial, the City Judge found the defendant guilty of both charges. He sentenced him to pay a fine of $425.00 and costs on the charge of driving under the influence of alcohol and a fine of $15.00 and costs on the charge of speeding.

Defendant appealed, relying upon the Bill of Exceptions reserved to the denial of a jury trial.

Under the City Ordinances each of the two charges has a maximum penalty of six months imprisonment and a $500.00 fine. Defendant contends that since the aggregate sentence was one year imprisonment and a $1000.00 fine, he is entitled to a jury trial.

In Duncan v. Louisiana, supra, the United States Supreme Court held the Fourteenth Amendment required a jury trial for all "serious crimes" in state courts. From its holding, the court excluded petty offenses, those punishable by no more than six months imprisonment and a $500.00

fine. See State v. Orr, 253 La. 752, 219 So.2d 775.

After the Duncan decision, the Louisiana Legislature amended[1] Article 779 of the Louisiana Code of Criminal Procedure to read as follows:

"A defendant charged with a misdemeanor in which the punishment *may* be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of five jurors, all of whom must concur to render a verdict; provided, however that a defendant charged with such an offense may waive a trial by jury and elect to be tried by the court." (Italics ours.)

■ No justification can be found in the constitutional and statutory authority for aggregating the penalties authorized for two or more separate offenses to determine the right to a jury trial. The right to a jury trial is tested by the punishment authorized for the particular offense. The consolidation of the cases for trial does not alter this rule. Consolidation is a procedural device to conserve trial time. See LSA–C.Cr.P. Art. 706.

■ In the present case, neither of the two offenses carried a greater punishment than a fine of $500.00 or six months imprisonment. Hence, under Article 779 of the Louisiana Code of Criminal Procedure, a jury trial is unauthorized.

For the reasons assigned, the conviction and sentence are affirmed.