HAMLIN, Justice.
 

 Defendant was charged by bill of information with the offense of Illegal Carrying of Weapons.
 
 [1]
 
 LSA-R.S. 14:95. He was tried without a jury in the First Parish Court in and for the Parish of Jefferson, found guilty, and sentenced to serve three months in the Parish Prison and pay a fine of $450.00 and costs or serve an additional three months in prison in lieu of payment of fine. He appeals to this Court from his conviction and sentence.
 

 No bills of exceptions were reserved during the course of trial. In this Court, counsel for the defendant urges:
 

 1. The verdict is contrary to the law and the evidence in that the record and testimony clearly show that the defendant was within his own private premises at the time he was arrested, and that he only intended to defend and protect his property, not exercising one iota of intentional concealment.
 

 2. Defendant was entitled to a trial by jury under Article 779 of the Louisiana Code of Criminal Procedure.
 

 Article 841 of the Code of Criminal Procedure recites:
 

 
 *1010
 
 “An irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection. Failure to reserve a bill of exceptions at the time of an adverse ruling of the court operates as a waiver of the objection and as an acquiescence in the irregularity or ruling.”
 

 “This requirement shall not apply to:
 
 “
 
 * * * * * *
 

 “(2) The court’s ruling on a motion for a new trial based on the ground of bills of exceptions reserved during the trial.”
 

 Article 920 of the Code of Criminal Procedure sets the scope of appellate review as follows:
 

 “The following matters and no others shall be considered on appeal:
 

 (1) Formal bills of exceptions that have been submitted to and signed by the trial court in accordance with Article 845, whether or not the bills of exceptions were made a ground for a motion for a new trial; and
 

 (2) Any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
 

 This Court in criminal cases has no appellate jurisdiction involving the evidence of the guilt or innocence of the accused. State v. Pebworth, 251 La. 1063, 208 So.2d 530. We can only review evidence made part of a bill of exceptions. State v. Laviolette, 250 La. 287, 195 So.2d 270. Where there is some evidence of the elements of the offense charged, only an unreviewable factual question is raised; we cannot review the sufficiency of the evidence. State v. Page, 251 La. 810, 206 So. 2d 503; State v. Singleton, 252 La. 976 215 So.2d 512.
 
 [2]
 
 In addition to reserving no bills of exceptions during the course of trial, defendant did not file a motion for a
 
 *1012
 
 new trial. Thus, we do’not have presented for our consideration a bill of exceptions reserved to the denial of a motion for a new trial, which bill would undoubtedly make a part thereof and attach thereto the evidence adduced during trial. Therefore, under the above quoted articles of the Code of Criminal Procedure and the cited jurisprudence, our review herein is limited to “error that js discoverable by a mere inspection of the pleadings and proceedings.” State v. Bass, 254 La. 83, 222 So.2d 865; State v. Smith, 250 La. 647, 198 So.2d 114; State v. Welch, 252 La. 679, 212 So.2d 426; State v. Watson, 252 La. 649, 212 So.2d 415. We have reviewed this record for error patent on its face, and, under the circumstances of this appeal, as above detailed, we find that no.error exists.
 

 Article 779 of the Code of Criminal Procedure provides:
 

 -
 
 “A
 
 defendant charged with a misdemeanor in which the punishment may be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of five jurors, all of whom must concur to render a verdict; provided, however that a defendant charged with such an offense may waive a trial by jury and elect to be tried by the court. ,
 

 “A. defendant charged with any other ■ misdemeanor shall be tried by the court without a jury.”
 

 The above is' Act 635 of 1968, approved by the’ Governor on July 19, 1968. Section 2 of the Act provides that, “The Governor, having certified to the Legislature during the session of the Legislature the necessity for the immediate passage of this Act, this Act shall become effective immediately upon the approval thereof by the Governor.” Section 3 states that, “Upon the effective date'-of this Act it shall govern all prosecutions regardless of when the offense was committed.”
 

 Defendant was tried on March 5, 1969, and Article 779, supra, was therefore applicable to his prosecution; however, the statute’s application herein was dependent, upon the penalty provisions of the statute-under which defendant was charged.
 

 Act 379 of 1958, which amended LSA-R.S. 14:95, Illegal Carrying of Weapons, the offense with which defendant was charged, provides in part that, “Whoever commits the crime of illegal carrying of weapons shall be fined not more than five hundred dollars, or imprisoned for not more than one year, or both.”
 

 Act 647 of 1968 amended the penalty provision of LSA-R.S. 14:95 to recite that, “Whoever commits the crime of il
 
 *1014
 
 legal carrying of weapons shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.” The Act was approved by the Gov•ernor on July 20, 1968. Section 5 thereof provides that, “This Act amends the pen.alty clauses of the crimes covered herein. Upon the effective date of this Act it shall ■govern all prosecutions regardless of when the offense was committed, for crimes where the penalty is reduced.” The penalty of imprisonment set forth in Act 379 •of 1958, LSA-R.S. 14:95, was reduced from •one year to six months by Act 647 of 1968; the reduced term .of imprisonment is applicable to the instant prosecution because Act 647 of 1968 was effective at the time ■defendant was tried.
 

 In Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491, the United States Supreme Court stated:
 

 “In determining whether the length of the authorized prison term -or the seriousness of other punishment is enough in .itself to require a .jury trial, we are counseled by District of Columbia v. Clawans, [300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843] supra, to refer to objective criteria, .chiefly the existing laws .and practices in the Nation.- In the. federal system, petty .offenses are .defined as those punishable.by.no more than six months in prison and a $500 -fine. . In. 49 of .the 50 States crimes subject to trial without a jury, which occasionally include simple battery, are punishable by no more than one year in jail. * * * We need not, however, settle in this case the exact location of the line between petty offenses and serious crimes. It is sufficient for our purposes to hold that a crime punishable by two years in prison is, based on past and contemporary standards in this country, a serious crime' and not a petty offense. * * * ”
 

 In the case of State v. Orr, 253 La. 752, 219 So.2d 775, we said that after the Duncan decision, the Louisiana Legislature enacted Act 635 of 1968 amending Article 779 of the Code of Criminal Procedure, supra, as emergency legislation. We interpreted Duncan as follows:
 

 “In 1968, the United States Supreme Court handed down its decision in Duncan v. Louisiana * * * holding that the Fourteenth Amendment guarantees a right of jury trial in all state criminal cases which, were they to be tried in a federal court, would come within the Sixth Amendment’s guarantee. From its holding, the court excluded petty offenses, those punishable by no more than six months imprisonment and a $500.00 fine.”
 

 Article 779 of the Code of Criminal Procedure, supra, states that jury trial shall-be had where a defendant is charged with a misdemeanor in .which t-he punish
 
 *1016
 
 mént may be a fine in excess of $500.00 or imprisonment for more than six months. The words “or both” as recited in LSA-R.S. 14:95 are omitted. We do not know whether the omission was intentional or inadvertent. As stated supra, Article 779 was emergency legislation passed to conform to the Duncan ruling, supra. It was also passed at the same session of the Legislature at which the penalty provisions of many criminal statutes were reduced. The instant matter is therefore enmeshed in technicalities; however, reading LSA-R.S. 14:95 and Article 779 of the Code of Criminal Procedure together in the light of Duncan and Orr, supra, we conclude that defendant was not entitled to a trial by jury. Laws in pari materia are required to be construed together. Abercrombie v. Gilfoil, La.App., 205 So.2d 461. “The Legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a statutory provision, therefore, is to be determined by a consideration of the statute in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the Legislature in enacting it. * * *
 
 ”
 
 Legros v. Conner, La.App., 212 So.2d 177, 180. “When literal application of different sections of the Revised Statutes produces conflicting or ambiguous interpretations, the courts must endeavor to give effect to each statutory provision within its proper scope, reconciling where possible the various statutory sections as being simultaneous expressions of the legislative will. Hall v. Rosteet, 247 La. 45, 169 So.2d 903. * * * ” Bryant v. Long, La.App., 180 So.2d 22, 26. The object of a court in construing a statute is to ascertain the legislative intent and interpret the laws so as to give them the connotation the lawmaker obviously intended and not to construe them so rigidly as to give them preposterous or odd meanings. Dore v. Tugwell, 228 La. 807, 84 So.2d 199. To have allowed defendant, who was charged under LSA-R.S. 14:95 and when found guilty could not have been fined more than $500.00 and sentenced to not more than six months in jail, a jury trial would, in our opinion, have béen an interpretation of Article 779 of the Code of Criminal Procedure which the Legislature did not intend. ■
 

 Admitting for the sake of argument that the omission of the words “or both” in Article 779 was intentional, the Article provides for a jury trial where the penalty is a fine of over $500.00 or imprisonment for over six months. LSA-R.S. 14:95, supra, provides a penalty of a fine of not over $500.00 or imprisonment for not more than six months, or both; reiterating, it provides for fine or imprisonment,
 
 or both.
 
 We believe that the true intent of the Legislature
 
 *1018
 
 was that so long as the fine imposed under a criminal statute does not exceed $500.00 and the jail sentence does not exceed six months, a jury trial is not mandatory under Article 779 of the Code of Criminal Procedure. We find that the trial judge correctly denied defendant a trial by jury.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 [1]
 

 . The bill of information charges: “AMOS SEALS, JR. * * * on or about the TWENTX-EOURTH (24th) day of MAX * * * (1968) * * * did commit the crime of Illegal Carrying of Weapons as defined in R.S. 14:95 in that be did -willfully and unlawfully bave concealed on bis person, a certain dangerous weapon, to-wit: 32 Revolver
 

 [2]
 

 . The testimony taken during trial is included in the record although no bills of exceptions were reserved. It is extremely contradictory with respect to the issue of concealment. If defendant feels that he is entitled to relief, his remedy is to the Board of Pardons and not to this Court under the circumstances of the appeal. In the very early case of State v. Guagliardo, 146 La. 949, 84 So. 216, this Court stated: “Our law confers upon this court no authority to hear evidence in appealed cases; and in criminal eases confines its jurisdiction to ‘questions of law alone.’ Const, art. 85. It is quite evident, too, that if the court could exceed the limit thus imposed upon its jurisdiction, and should entertain an application to remand a criminal case upon the suggestion that a witness upon whose testimony a conviction was based has repudiated, or desires to repudiate, such testimony, it would establish a precedent which, if followed, would lead to a far-reaching consequences and most seriously interfere with the proper administration of criminal justice. The facts set out in the motion to remand can be laid before the' board of pardons and the Governor, ■who are vested with authority and pro
 
 *1012
 
 vided with facilities for inquiring, into and acting upon such '■ matters'; and, as this court is not so equipped, the motion is denied.”