347 So.2d 200 (1977)
STATE of Louisiana
v.
Charles E. JONES.
No. 59099.
Supreme Court of Louisiana.
June 20, 1977.
Thomas E. Richard, Gaharan, Richey & Wilson, Jena, for defendant-appellant.
*201 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Speedy O. Long, Dist. Atty., Don C. Burns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Charles E. Jones with the theft of thirteen hogs valued at $150.00, in violation of LSA-R.S. 14:67.1. After a trial without a jury, the judge found defendant guilty as charged and sentenced him to six years imprisonment at hard labor.
He appeals his conviction and sentence, relying upon two assignments of error.

ASSIGNMENT OF ERROR NO. 1
In Assignment of Error No. 1, defendant complains that the sentence imposed, six years at hard labor, is not responsive to the crime charged. He submits that the trial court erred in holding that he was charged with the offense of theft of hogs, when in actuality he was charged by a valid bill of information with the offense of theft. He asserts, therefore, that because he was charged with theft of property valued at approximately $150.00, the six year sentence imposed by the court is in excess of the maximum sentence in LSA-R.S. 14:67, the general theft statute.
The bill of information charged that defendant:
"committed the offense of theft in that On or about the 24th day of August, 1976, while in LaSalle Parish, Louisiana, he did commit the theft of approximately 13 hogs belonging to Joe V. Corley, and being valued at approximately $150.00 in violation of LRS 14:67.1;" (Emphasis added.)
LSA-R.S. 14:67.1 provides:
"Theft of cattle, horses, mules, sheep, hogs, or goats is the misappropriation or taking of one or more of such cattle, horses, mules, sheep, hogs, or goats belonging to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of the cattle, horses, mules, sheep, hogs, or goats is essential.
"It shall not be necessary to prove defendant killed an animal; the mere taking of meat from an animal shall constitute theft hereunder. In cases of slaughtering of an animal, removal from owner's property is not essential for conviction of theft hereunder.

"Whoever commits the crime of theft of cattle, horses, mules, sheep, hogs, or goats shall be imprisoned at hard labor for not less than one nor more than ten years. At least one year of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence." (Emphasis added.)
Under the provisions of LSA-R.S. 14:67, covering the theft of "anything of value," the misappropriation of property valued at $150.00 carries a maximum sentence of imprisonment of not more than two years, with or without hard labor.
Louisiana Code of Criminal Procedure Article 465 sets forth the short form indictment for theft of hogs as "A.B. committed the theft of____(describe animal or animals stolen)." Because the sentencing structure of LSA-R.S. 14:67.1 is not based on value, no allegation of value is required. Article 465 further provides, however, that the recital of additional facts does not affect the sufficiency of the indictment.
The precise question presented is whether the initial use of the term "theft," rather than "theft of hogs" in the bill of information coupled with the allegation of value makes the charge one for theft under LSA-R.S. 14:67 with a maximum two-year sentence. We think not.
Louisiana Code of Criminal Procedure Article 486 provides:
"An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because it contains repugnant allegations. Unnecessary allegations may be disregarded as surplusage."
*202 It is apparent that the addition of the words "of hogs" after theft in the initial language would add no information not supplied elsewhere in the charge. In the succeeding language, the bill of information charges that the defendant "did commit the theft of approximately 13 hogs." This language satisfies the requirements of the short form indictment for theft of hogs. LSA-C.Cr.P. Art. 465, subd. A(45). The bill also cites the statute violated as LSA-R.S. 14:67.1, the specific statute defining the theft of hogs. The allegation of value must be regarded as surplusage, since as we have noted, the allegation and proof of value are not required in a prosecution for theft of hogs. LSA-C.Cr.P. Arts. 465, 486; State v. Sam, La., 304 So.2d 659 (La.1974).
The defense pleadings demonstrate that the defendant was not misled by the phrasing of the charge and that he fully understood that he was charged with the theft of hogs in violation of LSA-R.S. 14:67.1. For example, the defendant's motion to reduce bond referred to the charge as "the alleged violation of R.S. 14:67.1." Defendant's motion to quash the Bill of Information alleged that he was "charged with the offense of theft of hogs."
In pressing his argument that the offense charged here is Article 67 theft, rather than theft of hogs, defendant relies strongly on our decision in State v. Orr, 253 La. 752, 219 So.2d 775 (1969). There the charge recited: "a theft of property, to-wit, a bull calf, of a value of ($18.00) Eighteen and no/100 Dollars, contrary to and in violation of Article 67 of the Louisiana Criminal Code." Conceding that the State had attempted to charge the defendant with theft under LSA-R.S. 14:67, the defendant contended that the theft of cattle could be charged only as an offense under LSA-R.S. 14:67.1. We held that the District Attorney was vested with the discretion of proceeding under Article 67, the general theft statute carrying a less severe penalty. Hence, that case is distinguishable.
We conclude that the crime charged here is theft of hogs in violation of LSA-R.S. 14:67.1. Hence, we hold that the sentence is within the statutory limits.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2, defendant complains that the trial court erred in denying his motion to quash. In support of his allegation he urges that the statute under which he is charged is unconstitutional in that it violates the due process clause and the equal protection clause of the Fourteenth Amendment to the United States Constitution; and that the penalty under LSA-R.S. 14:67.1 constitutes cruel and unusual punishment contrary to the Eighth and Fourteenth Amendments to the United States Constitution.
On October 26, 1976, prior to the beginning of defendant's trial, defense counsel made an oral motion to withdraw his motion to quash the bill of information, wherein he attacked the constitutionality of LSA-R.S. 14:67.1. The trial court judge then stated, "Show that since it's been withdrawn that it's considered overruled, that we'll proceed with the trial."
In oral argument, defense counsel urged that the unconstitutionality of a statute on which a conviction is based is an error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence, which this Court is entitled to review. In State v. Stewart, La., 325 So.2d 828 (1976), we held that this Court could properly review the constitutionality of a statute though the defendant had not complied with the assignment of error procedure, including the making of a timely objection. LSA-C.Cr.P. Art. 920, Official Revision Comment (d)(1966), as amended La.Acts 1974, No. 207, § 1. See State v. Dillard, La., 320 So.2d 116 (1975); State v. Williams, La., 322 So.2d 177 (1975).
In the instant case, however, defendant did more than fail to object and preserve his right to a judicial review of the alleged unconstitutionality of the statute. He specifically raised the issue in his motion to quash the bill of information. Quite intentionally, *203 defense counsel withdrew his motion to quash and thereby specifically waived any allegation of the unconstitutionality of LSA-R.S. 14:67.1.
Moreover, in State v. Williams, supra, we held that a contention that the sentence inflicts cruel and unusual punishment because of its severity in the circumstances of the particular case, if reviewable on appeal, does not present an error that is discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. LSA-C.Cr.P. Art. 920; State v. Shillow, La., 310 So.2d 103 (1975).
The contentions of unconstitutionality in Assignment of Error No. 2 are not properly before us for review.
For the reasons assigned, the conviction and sentence are affirmed.