389 So.2d 1315 (1980)
STATE of Louisiana
v.
David LOLLAR.
No. 65893.
Supreme Court of Louisiana.
October 6, 1980.
Rehearing Denied November 10, 1980.
*1316 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Joseph Lotwick, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellant.
Jimmie R. Major, Clifton O. Bingham, Jr., Baton Rouge, for defendant-appellee.
BLANCHE, Justice.
Defendant was charged with three counts of negligent injuring under La.R.S. 14:39, as a result of a traffic accident allegedly caused by defendant driving in a southerly direction in a northbound traffic lane, thereby striking the victims' vehicle head-on. Defendant filed a motion to quash the bill of information on the ground that the statute contained an unconstitutional criminal presumption. The trial court granted the motion, effectively holding the statute unconstitutional on its face. The state applied for a supervisory writ and this Court granted the writ but ordered the record lodged as an appeal. La.Const. art. 5, § 5(D)(1) (1974). We reverse.
At issue in this appeal is whether R.S. 14:39, which provides in part that "[t]he violation of a statute or ordinance shall be considered only as presumptive evidence of such [criminal] negligence", infringes upon the defendant's constitutional rights to remain silent and to be presumed innocent. A related issue is whether the statute impermissibly relieves the state of proving every element of the crime by elevating non-negligent statutory violations or those indicative of ordinary negligence to the status of criminal negligence.
The crime of negligent injuring is almost identical in definition to the crime of negligent homicide, except that in the former the victim is only injured, while in the latter, the victim dies.[1] The second sentence of the negligent injuring statute, which defendant claims contains the unconstitutional presumption, is identical to the second sentence of the negligent homicide statute. R.S. 14:39; R.S. 14:32. Thus, jurisprudence interpreting the homicide statute language is relevant to a consideration of the statute at issue. See Reporter's Comment, R.S. 14:39; State v. Brady, 310 So.2d 593 (La.1975); State v. Seals, 255 La. 1005, 233 So.2d 914 (La.1970); Legros v. Conner, 212 So.2d 177 (3d Cir. 1968).
In State v. Hammontree, 363 So.2d 1364 (La. 1978), this Court considered a similar attack on the identical presumption set forth in the Louisiana negligent homicide statute, R.S. 14:32. In upholding the statute, we stated, at 1372:
"The better interpretation of `presumptive evidence' in R.S. 14:32 is that it creates no legal presumption, but means that the violation of a statute related to the cause of the accident will justify the inference that defendant committed a criminally negligent act. To constitute `criminal negligence', the offender's conduct must be a gross deviation below the standard expected of a reasonably careful man. R.S. 14:12. Reasonably careful men are expected to obey safety laws, and it is within the province of the legislature to permit the inference that one who violates a safety law and thereby injures another is guilty of criminal negligence; and if it is proved beyond a reasonable doubt that the criminal negligence was the cause of death, the perpetrator may be guilty of criminal homicide."
After our decision in Hammontree, the United States Supreme Court had the opportunity to review the constitutionality of a New York statute which provided, with certain exceptions, that the presence of a firearm in an automobile is presumptive evidence of its illegal possession by all persons *1317 then occupying the vehicle. In County Court of Ulster County, New York v. Allen, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), the Court upheld the statute and reaffirmed the usefulness of inferences and presumptions under the proper circumstances. The court distinguished between a constitutional "permissive" inference or presumption and a suspect "mandatory" presumption.
A permissive inference or presumption, the Court declared, is one that allows, but does not require, the trier of fact to determine the existence of an element of the crime from the existence of one or more "evidentiary" or "basic" facts, 99 S.Ct. at 2224. Because this type of presumption leaves the trier of fact free to credit or reject the inference depending upon the evidence adduced, it does not place any burden of proof upon defendant and, therefore, does not affect the application of the "beyond a reasonable doubt" standard unless, under the particular facts of the case, there is no rational way the trier could make the connection between the evidentiary facts the prosecution proves and the conclusion permitted by the inference.
A mandatory presumption, on the other hand, "may affect not only the strength of the `no reasonable doubt' burden but also the placement of that burden; it tells the trier that he or they must find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts." Id. at 2224-25. "A mandatory presumption violates due process `unless the fact proved is sufficient to support the inference of guilt beyond a reasonable doubt.'" Id. at 2229.
It is clear from the interpretation of La.R.S. 14:32 as finally enunciated in State v. Hammontree, supra, that the identical presumption contained in R.S. 14:39 is a "permissive" presumption under the most recent analysis and, therefore, is not unconstitutional on its face. See State v. Daranda, 388 So.2d 759 (La.1980). The statute does not require a jury to infer criminal negligence from the mere violation of any statute but, rather, permits a jury to accept or reject evidence of a violation of a statute as evidence of criminal negligence depending upon all the facts and circumstances surrounding the violation. The state still has the burden of proving all elements of the crime charged beyond a reasonable doubt.
The same is applicable to violations of statutes through ordinary negligence or without any negligence. Such violations are not elevated by the law to the level of criminal negligence since the trier of fact is given the responsibility of deciding whether the circumstances of the violation justify the inference. In order to find criminal negligence, the jury would have to be convinced beyond a reasonable doubt that the defendant's actions constituted a gross deviation below the standard expected of reasonably careful men. R.S. 14:12. Thus, defendant's second contention is without merit.
We are supported in our determination of these issues by Hammontree v. Phelps, 605 F.2d 1371 (5th Cir. 1979), decided after the United States Supreme Court decision in Ulster County, supra. After reviewing this Court's interpretation of State v. Hammontree, supra, and Ulster County, supra, the 5th Circuit concluded, at page 1379:
"In sum, Louisiana case law characterizing the term `presumptive evidence' as an `inference', and the legislature's use of the word `only' to qualify the term `presumptive evidence', lead us to conclude that the Louisiana negligent homicide statute did not shift any constitutional burden from the prosecution to the defendant."
It is important to note, however, that were this a review of a trial on the merits, the inquiry would not end here. "In deciding what type of inference or presumption is involved in a case, the jury instructions will generally be controlling, although their interpretation may require recourse to the statute involved and the cases decided under it." Ulster County, supra, 99 S.Ct. at 2225, n. 16; Hammontree v. Phelps, supra, at 1379. Thus, the jury would have to be informed that the presumption creates no *1318 legal presumption, but merely justifies an inference, and that the presumption places no affirmative burden upon the accused. See State v. Hammontree, supra; Hammontree v. Phelps, supra.
For the reasons assigned, the judgment of the trial court granting a pre-trial motion to quash the bill of information is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
R.S. 14:39 is unconstitutional, as written, because it is so poorly worded that it must be explained in a jury instruction, and without additional explanation, the use of the phrase "presumptive evidence of (criminal) negligence" weakens the presumption of innocence.
Mere violation of a statute (as, for example, by driving 56 in a 55-mile per hour zone) does not give rise to any presumption regarding criminal negligence. The second paragraph of R.S. 14:39 apparently attempts to say that violation of a statute is admissible evidence as part of the determination of whether defendant's conduct constitutes criminal negligence, but is not conclusive of that determination. Unfortunately, instead of saying "not conclusive", R.S. 14:39 says "only presumptive", implying that some presumption (a strong word to a layman) arises from the mere violation of a statute, no matter how innocuous. Such a presumption of guilt erodes the constitutional presumption of innocence.
Nevertheless, the second paragraph or the offensive words contained therein are severable. Since the statute is not unconstitutional in its entirety, the motion to quash the bill of information was improperly granted.
I concur in the reversal.
NOTES
[1] The definition of each crime is as follows:

R.S. 14:39. Negligent Injuring.
Negligent injuring is the inflicting of any injury upon the person of another by criminal negligence.
The violation of a statute ordinance shall be considered only as presumptive evidence of such negligence.
R.S. 14:32. Negligent Homicide.
Negligent homicide is the killing of a human being by criminal negligence.
The violation of a statute or ordinance shall be considered only as presumptive evidence of such negligence.