485 So.2d 656 (1986)
STATE of Louisiana
v.
Charles HENDERSON, Jr.
No. K 3601.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 1986.
Rehearing Denied April 16, 1986.
Writ Granted May 30, 1986.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joseph V. DiRosa, Jr., Asst. City Atty., New Orleans, for the State.
Brian M. Bégué, New Orleans, for petitioner.
Before REDMANN, C.J., and SCHOTT and GARRISON, JJ.
REDMANN, Chief Judge.
The question, on certiorari granted on defendant's application, is whether one charged with the first offense of operating a vehicle while intoxicated is by Louisiana statute (by reason of the punishment imposable) or by the federal constitution (by reason of the seriousness of the offense independent of its punishment) entitled to jury trial.
*657 State v. Vieto, 453 So.2d 259 (La.App. 5 Cir.1984), cert. denied 457 So.2d 1183, cited by the criminal district court in affirming refusal of jury trial by the traffic court of New Orleans, did not consider entitlement to jury trial from that point of view. Vieto assumed that driving while intoxicated is punishable only by six months and $500, and held it not triable by jury when charged together with another offense similarly punishable, because La.C.Cr.P. 493.1 reduces total sentences to a maximum of six months and $500. Ours is not a case of multiple charges, but of one charge punished by multiple statutes. Vieto did not rule on the questions here presented, namely whether a punishment of six months and $500 plus deprivation of driving privileges plus $50 to restore them plus $100 "special costs" amounts to more than six months and $500 within the Louisiana jury trial statute, and whether (irrespective of whether the punishment exceeds six months and $500) driving while intoxicated is a serious rather than a petty offense within federal constitutional guarantees of jury trial.
The Louisiana constitution, art. 1 § 17, does not guarantee jury trial except for crimes punishable by more than six months in prison. But a Louisiana statute, C.Cr.P. 779 A, provides:
"A defendant charged with a misdemeanor in which the punishment may be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict."
State v. Seals, 255 La. 1005, 233 So.2d 914, 918 (1970), holds that "so long as the fine imposed under a criminal statute does not exceed $500 and the jail sentence does not exceed six months, a jury trial is not mandatory under Article 779 of the Code of Criminal Procedure." The jury trial provision of art. 779 A is not mere legislative grace, Seals notes, but an attempt in the wake of Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), to satisfy jury trial requirements of the U.S. constitution.
The statute making a crime of driving while intoxicated, La.R.S. 14:98, in subsection B provides that a first offender "shall be fined not ... more than five hundred dollars and imprisoned for not ... more than six months...." Thus the punishment of that statute, by itself, would not require jury trial. In addition to that punishment, however, three other punishmentsall added to the law after Duncan and Sealsare imposed upon conviction of violating R.S. 14:98. First, R.S. 32:414 A provides a 60-day suspension of the first offender's driver's license and 32:414 G (added in 1983, amended in 1984) imposes a $50 "reinstatement fee" for the return of the license after the expiration of the suspension. Second and third, La.C.Cr.P. 887 C and D (added in 1981 and 1983) each provide that one convicted of violating R.S. 14:98 "shall be assessed an additional fifty dollars as special costs" (for purposes hereafter discussed.)
R.S. 32:414 A's 60-day suspension of the first offender's driver's license (beginning on receipt of the license by the department of public safety) does not make the total punishment "in excess of" the six-month possible sentence of R.S. 14:98. One who is in prison for six months is not additionally punished by being unlicensed to drive during two of those six months.
But the $50 driver's license reinstatement fee (or permanent deprivation of driving privileges) and the two $50 charges assessed by C.Cr.P. 887 C and D, in addition to the $500 fine, do make the total possible financial punishment at least $600. (Although La.C.Cr.P. 779 A expressly provides jury trial if the possible punishment exceeds $500, we add that United States v. Hamdan, 552 F.2d 276, 280 (9 Cir.1977), views jury trial as required in such a case by U.S. Const. Art. III and Amend. 6, deeming it "not unrealistic to treat any fine in excess of $500 as a serious matter to all individuals...." Hamdan distinguishes Muniz v. Hoffman, 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975), on the basis *658 that its $10,000 contempt fine spread among the 13,000 members of the fined union equalled only about 75 cents for each individual.)
Those three $50 charges cannot fairly be characterized as costs like court costs (if, indeed, such costs are not "fines"). Driver's licenses are issued for $10, and to return an already-issued license presumably cannot cost the state $50. The "costs" of giving an alcohol test also cannot reasonably equal the second $50 assessed. The third $50for "expenses of administering conditions of probation or of incarceration"may be less than cost for a driver actually sentenced to probation or incarceration, but the imposition of that $50 charge is not limited to those so sentenced. Those three charges must be counted as punishment, as fines. State v. Rugon, 355 So.2d 876 (La.1977).
Thus the total possible fines under Louisiana's statutory scheme for first offense driving while intoxicated are at least $600 (another $50 can be avoided for the extreme price of permanently forfeiting driving privileges). Considering the constitutional origin and intent of La.C.Cr.P. 779 A (see Seals, supra), we deem it an unreasonable interpretation to hold $600 in fines not "a fine in excess of five hundred dollars" on the ground that the $600 is a total of three fines rather than "a" fine. We hold the contrary.
United States v. Craner, 652 F.2d 23 (9 Cir.1981), holds that U.S. Const. Art. III and Amend. 6 require jury trial of the offense of driving a vehicle while under the influence of intoxicants because it is a "serious" offense (irrespective of fine and imprisonment maximums). Craner observes that "the threat of loss of a license as important as a driver's license, a deprivation added to penal sanctions, is another sign that the ... community does not view DUI as a petty offense." Id. at 26. Craner also notes that Annot., 16 A.L.R.3d 1373 (1967 & 1980 Supp.), "shows only five states ... denying defendants the right to a jury trial on DUI charges," indicating the national view of the seriousness of the offense. Id. at 27, n. 5. See also Welsh v. Wisconsin, 466 U.S. 740, ___, 104 S.Ct. 2091, 2100, 80 L.Ed.2d 732, 746 (1984) (Blackmun, J., concurring). Finally, La. R.S. 14:98 itself views driving while intoxicated as serious, for it makes the identical offense punishable by five years at hard labor when committed a third time, and by 30 years when committed a fourth time. It would seem inconsistent for a court to deem petty, rather than serious, an offense that if repeated is punished with such extreme harshness and that, even if not repeated, can as well kill on first commission as on third or fourth. But we do not decide on Craner's ground.
We reverse on the ground that La.C. Cr.P. 779 A, Louisiana's statutory response to federal constitutional requirements for trial by jury, entitles defendant to trial by jury because the offense charged is punishable by fines of over $500.
Reversed; jury trial ordered.
REVERSED.