CHEHARDY, Chief Judge.
Defendant, Wilbert Washington, appeals his convictions of driving while intoxicated, second offense, reckless operation of a vehicle, and driving with an expired vehicle inspection tag. On the DWI conviction defendant was sentenced to 30 days in jail with a suspended sentence conditioned upon defendant’s attendance at a substance abuse program, a driving improvement program and performance of 38 hours of community service. He received a fine of $300 for the second offense DWI conviction. For his conviction of reckless operation, he was fined $50 plus court costs or, upon default, to serve 30 days in jail. The 30-day jail sentence was ordered to run concurrent with the 30 days for DWI. No additional fine or costs were imposed for the brake tag conviction.
Of the six assignments of error presented for appellate review, three involve the sufficiency of the evidence to convict defendant of the charges. The others involve the question of defendant’s right to a jury trial; the admissibility of defendant’s refusal to partake in field sobriety and breath analyzer tests; and the issue of whether the State failed to prove a first conviction.
The testimony at trial revealed that on February 4, 1986, Deputy Kurt Roussell and Sergeant Craig Poche were on patrol when they observed the defendant driving a gray Pontiac. As the defendant turned a corner in Gramercy, Louisiana, the car’s tires spun, causing them to squeal and smoke. Sergeant Poche saw the car pull out in front of a white truck, causing the truck to veer to the side of the road. The officers passed the truck and then pulled the defendant over to the side of the road for reckless operation of a motor vehicle. When the defendant got out of the car, he told the officers that he did not have his driver’s license with him. Poche returned to the police car to radio the dispatcher while Roussell spoke with the defendant. Roussell smelled alcohol on the defendant’s breath, and he also noticed the defendant was swaying, his eyes were red and watery and his speech was “thick.” Roussell asked the defendant to perform a field sobriety test but the defendant refused to do so, stating “f— you and your DWI tests.” At that time, the radio dispatcher relayed to Poche that the defendant had a previous DWI conviction and that the defendant’s license had been revoked. The defendant was then arrested and transferred to the police station.
At the station, the defendant refused to sign a form indicating that he had been advised of his rights regarding a chemical breath test. The defendant also refused to submit to the photoelectric intoximeter test.
A wrecker was sent to tow the defendant’s car from the scene of the arrest. A physical inspection of the vehicle revealed no vehicle inspection tag. An expired tag, with the same vehicle inspection number as the car, was found in the glove compartment.
Defendant first asserts that the trial court erred in proceeding with the trial when defendant did not waive his right to a trial by jury. Defendant’s argument is premised upon the case of State v. Henderson, 485 So.2d 656 (La.App. 4 Cir.1986), which held that under LSA-C.Cr.P. art. 779 the defendant charged with DWI is entitled to a jury trial because the potential fine, fees and costs exposed defendant to a total fine exceeding $500. However, the Louisiana Supreme Court reversed that holding in State v. Henderson, 491 So.2d 647 (1986) stating:
“[T]he ‘special costs’ assessed convicted DWI first offenders under La.Code Crim. Pro.Ann. art. 887(C) and (D) and the ‘reinstatement fee’ required by La.Rev.Stat. Ann. 32:414(G) are simply costs, and not *138 fines. Thus they should not be added to the authorized $500 fine under La.Rev. Stat.Ann. 14:98 so as to trigger La.Code Crim.Pro.Ann. art. 779(A)’s right to trial by jury where ‘punishment may be a fine in excess of $500.’ ”
Since the defendant did not receive a fine greater than $500, he is, therefore, not entitled to a trial by jury. Consequently, we find no merit in this assignment.
Defendant next questions the trial judge’s decision to allow into evidence the fact that defendant refused to take a field sobriety test and a breath analyzer test. He argues first that such evidence is irrelevant to the issue of his alleged intoxication, and secondly, that the procedural rules for admission of the evidence found in LSA-R.S. 32:666(B) were not followed. Thirdly, defendant contends that, assuming the evidence is admissible under R.S. 32:666, the statute violates his constitutional right against self-incrimination.
Defendant cites State v. Chestnut, 462 So.2d 674 (La.App. 4 Cir.1984), in support of his argument that evidence of defendant’s refusal is inadmissible because it is irrelevant to the charged offense of DWI. However, the Louisiana Supreme Court held previous to Chestnut that the evidence of refusal is relevant and admissible, and that the weight of such evidence is to be determined by the trier of fact. See: City of Monroe v. High, 254 La. 362, 223 So.2d 834 (1969), overruled on other grounds; State v. Dugas, 252 La. 345, 211 So.2d 285 (1968). Furthermore, R.S. 32:666, which was added in 1968 to the Motor Vehicles and Traffic Regulations of the Revised Statutes, provides in pertinent part:
“(3) Evidence of his refusal shall be admissible in any criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle * * * while under the influence of alcoholic beverages. * * * ”
Consequently, we find the trial judge did not err in admitting defendant’s refusal into evidence.
Defendant also argues that even if the evidence is admissible, in this case it should be excluded because the State failed to follow the procedures outlined in R.S. 32:666 for its admission. However, we note that the defendant objected to the introduction of the evidence only on the basis that it was irrelevant and violates his Fifth Amendment right. He did not object on the ground that no sworn affidavit was presented.
LSA-C.Cr.P. art. 841 provides that “an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.” In addition, the long-standing jurisprudence has held that a new ground for an objection cannot be presented for the first time on appeal. State v. West, 419 So.2d 868 (La.1982), and cases cited therein. Thus, we find that the argument is untimely and not properly before us for review.
Defendant’s final argument, regarding the propriety of the trial judge’s admission into evidence the fact of his refusal to submit to testing, involves the constitutionality of R.S. 32:666. He asserts that the statute, which allows for the admissibility of his refusal to submit to testing, contravenes his right to self-incrimination.
In South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), the United States Supreme Court considered the constitutionality of a similar South Dakota statute. The court there held that “a refusal to take a blood-alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer, and thus is not protected by the privilege against self-incrimination.” 103 S.Ct. at 923. See also State v. Spence, 418 So.2d 583 (La.1982). Thus we find defendant’s argument unpersuasive.
The next three assignments of error presented by defendant assert that the evidence was insufficient to convict him of DWI, reckless operation of a vehicle, and operating a motor vehicle with an expired inspection tag.
*139 In reviewing a defendant’s claim of insufficiency of evidence to justify the conviction the standard used by a reviewing court is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Porretto, 468 So.2d 1142 (La.1985). LSA-R.S. 14:98(A)(1) defines the crime of operating a vehicle while intoxicated as “the operating of any motor vehicle * * * when: (1) The operator is under the influence of alcoholic beverages * * In order to support a conviction under this statute, the State must prove that (1) the defendant was operating a vehicle, and (2) the defendant was under the influence of alcoholic beverages. State v. Fontenot, 408 So.2d 919 (La.1982). LSA-R.S. 14:99 provides in pertinent part that “[rjeckless operation of a vehicle is the operation of any motor vehicle * * * in a criminally negligent or reckless manner.” LSA-R.S. 14:12 defines criminal negligence as existing when “there is such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.” Criminal negligence is an essential element of the offense under R.S. 14:99. State ex rel Palermo v. Hawsey, 377 So.2d 338 (La.1979). Finally, LSA-R.S. 32:53(D) requires all Louisiana vehicles to bear an inspection tag showing it to have been inspected and approved.
In this case, the arresting officers testified they first observed defendant as he executed a turn while driving a gray car. Sergeant Poche and Deputy Roussell stated the driver of the vehicle was spinning the car’s tires causing them to squeal and smoke. Sergeant Poche stated further that defendant pulled out in front of a truck, causing it to swerve. Following their observations, the officers stopped defendant’s vehicle. Defendant then stepped out of the car and approached Deputy Roussell. The deputy testified that defendant stood a few inches from his face and that the smell of alcohol was quite noticeable. He stated that, in addition, defendant was swaying, his speech was “thick” and his eyes were red and watery. When asked to perform a sobriety test, defendant refused and swore at the officer.
Following defendant’s arrest, a policé officer was dispatched with a tow truck to retrieve defendant’s car. At that time, a visual search of the car revealed that the vehicle did not have an inspection sticker. An expired sticker was subsequently found in the glove compartment.
After a careful review of the evidence under the Jackson standard, we find that the testimony by the police officers regarding defendant’s operation of his vehicle and his physical behavior and appearance is sufficient to convict defendant of reckless operation of a vehicle and DWI. Likewise, we find the evidence is sufficient to sustain the conviction for an expired inspection tag.
Defendant’s final assignment of error asserts that his conviction of DWI, second offense, was erroneous because the State failed to prove that he had previously been convicted of a DWI first offense. Defendant states the only proof offered by the State to connect him to a prior conviction was the certified copy of a minute entry of September 26, 1984, No. 12,608, State v. Wilbert Washington. He contends that this minute entry alone is insufficient to identify him as the same individual. The minute entry shows that the trial judge, however, was present at the prior proceeding as an assistant district attorney.
When an accused is charged as a second DWI offender, the prior offense must be proved as a part of the State’s case, otherwise the conviction will be set aside. State v. Neal, 347 So.2d 1139 (La.1977). Proof that a person of the same name has been previously convicted is not prima facie evidence that that person is the defendant, the State must also offer proof that the defendant is the same person as the person previously convicted. City of Monroe v. French, 345 So.2d 23 (1977). *140 However, the courts have also held that judicial notice may be taken by a judge of a defendant’s identity when the judge was personally involved in the prior proceeding. State v. Valentine, 397 So.2d 1299 (La.1981).
While we recognize that the judge in Valentine also presided as judge over the prior proceeding in that case, we find the rule equally applicable to this situation where the judge was the defendant’s former prosecutor. Thus we find the trial judge here was empowered to judicially notice defendant's identity, and thus did not err in convicting him of a second offense of DWI.
Accordingly, the defendant’s convictions and sentences are hereby affirmed.
AFFIRMED.