h WRIT DENIED:
Defendant is charged with forgery. Her trial was set for October 27, 1997. On that date, defendant moved to quash the petit jury venire because it was not constituted in accordance with La.C.Cr.P. art. 408.1 as amended by Act 886 of the 1997 regular session of the Louisiana Legislature.
The amendment to art. 408.1 provides:
In developing a list of all persons who may be called for grand or petit jury duty, a jury commission shall draw names from a master list derived from voter registration lists, lists of actual voters, motor vehicle license and registration records, lists of individual utility customers, if made available by the utility company, and such other sources as may be approved by a majority of the district judges of the judicial district for which the master list is compiled.
The chronology is as follows:
March 1997 the jury commission by order from the judges of the 1st Judicial District enlarged the general venire to include all Caddo Parish registered voters.
laAugust 1997 — the effective date of the amendment to C.Cr.P. art. 408.1 changing the law to expand the sources from which the general venire is drawn.
September 1997 — 300 names were drawn from the March general venire.
October 1997 — defendant’s trial date.
*139 The testimony from the deputy clerk shows that the Caddo Parish Clerk’s Office is in the process of compiling a master list in accordance with the amended legislation, but they do not expect it to be completed until “sometime next year.” Defendant claims that there can be no jury trials until a general venire is prepared from a master list that complies with art. 408.1 as amended.

DISCUSSION

La.C.Cr.P. art. 532 provides that a motion to quash may be based on the ground that the general venire or the petit jury venire was improperly drawn, selected, or constituted.
La.C.Cr.P. art. 419 provides that a general venire, grand jury venire, or petit jury venire shall not be set aside for any reason unless fraud has been practiced, some great wrong committed that would work irreparable injury to the defendant, or unless persons were systematically excluded from the venires solely upon the basis of race.
The testimony shows that the general veni-re was selected under lawful procedures in effect in February-Mareh 1997. Defendant made no showing of fraud or irreparable injury or of systematic exclusion based on race.
The testimony reveals that the Caddo Parish Clerk of Court is developing a master list of prospective jurors which will attempt to conform to the more inclusive language of article 408.1 as modified. The amended article does not specifically invalidate the general venire in use oii the effective date of the legislation. Rather, the article speaks prospectively of future lists which are now in the development stage.
IgThe defendant’s argument, in effect, is that the legislature intended to prohibit trials by jury until the various clerks of court revised jury selection procedures.
This conclusion flies in the face of logic and the orderly administration of justice. This court’s object in construing a statute is to avoid giving it a preposterous or odd meaning. State v. Seals, 255 La. 1005, 233 So.2d 914 (1970). On the showing made, we do not construe the statute as expressing a legislative intent to halt all jury trials as of August 15,1997, but rather to allow a reasonable period of time in which to implement the legislative directive. Accordingly, we find no reversible error in the district court’s ruling denying applicant’s motion to quash.