| 98 | 581 |
|-----|------|
| 130 | 99 |
| 98 | 581 |
| 110a | 1294 |

ANDREW ROGERS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 14, 1881.*

1. NEW TRIAL—*on evidence in criminal cases.*  Where there is a conflict in the evidence, it is the peculiar province of the jury to pass upon the credibility of the several witnesses.  And where a boy only ten years old testified to seeing the defendant coming from a house, at the time of the commission of a burglary therein, and the defendant and another testified to an *alibi*, a new trial was refused on the evidence.

2. WITNESS—*mode of examining.*  On the trial of one for burglary of a house on Dearborn and Thirty-second streets, in Chicago, the defendant, as a witness in his own behalf, testified that at the time of the burglary he was at a place about three miles distant from such house.  In answer to the court, whether he was on the day of the crime at or near those streets, he said he did not know where the street was.  The court then asked him if he was born in Chicago, to which he replied yes, and thereupon the court asked this question: "And you mean to tell this jury you don't know where Dearborn street is?"  The court overruled an objection to the question, and the witness answered that he did not know where the place was, and in answer to his counsel said he meant he didn't know where Young's place was, on Dearborn

street, that being the place where the burglary was committed: *Held,* that there was no objection to the question propounded by the court.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. E. B. McCLANAHAN, and Mr. W. S. FORREST, for the plaintiff in error.

Mr. JAMES McCARTNEY, Attorney General, Mr. LUTHER LAFLIN MILLS, State's Attorney, and Mr. GEORGE C. INGHAM, Assistant State's Attorney, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The plaintiff in error, Andrew Rogers, was convicted of burglary in the Criminal Court of Cook county, and sentenced to three years' imprisonment in the penitentiary.

Two alleged errors are complained of:

*First*—That the verdict of the jury was against the evidence.

*Second*—That plaintiff in error was prejudiced by a certain question put to him, while testifying as a witness in his own behalf, by the presiding judge.

The crime was committed on Saturday, March 6, 1879, in the dwelling house of Edward C. Young, situate in the city of Chicago, on the corner of Dearborn and Thirty-second streets, in the absence of the occupants.

The only testimony in the case tending to connect Rogers with the burglary, was that of Richard Lydston, a boy only ten years old. He testified to seeing two men lurking about the house on that day, and coming from the back part of it, which had been broken into, under such circumstances as to leave no reasonable doubt that they were the persons who committed the crime; and he positively identified the defendant as being one of these two men.

Against this was the testimony of the defendant, sustained and corroborated by that of Mary Kane and Kitty

White, that all the while from ten o'clock in the evening of Friday, March 5, 1879, till ten o'clock on Saturday evening, March 6, 1879, the defendant was in the room of Mary Kane, on State street, three miles distant from the house of Young; that these three, with a man of the name of Wilder, were there together that evening of March 5; that defendant and Wilder slept in the room that night, and the two women went to Kitty White's room to sleep.

About 12 o'clock M., the next day, the two women returned to this room, and found defendant and Wilder abed; that soon after, they arose and dressed, and the four stayed there and played cards till four o'clock in the afternoon, when Wilder left, but defendant stayed till about ten o'clock at night, and then went home. This room was in the middle of the house, with a door opening into a hall, and no window in the room.

This period testified to embraced the time when the burglary was committed. It was, then, a question of credibility between the witnesses on the respective sides,—a question peculiarly within the province of a jury to decide.

The tender years of the boy are urged as against the reliability of his testimony in the identification of the prisoner. But this was a circumstance for the jury to weigh. The witness was before them, and they could judge of his intelligence and manner of testifying, and how far his testimony should be depended upon. The boy was a competent witness, although so young in years, and if believed, the jury were justified in finding the verdict they did. They did believe the boy, and disbelieved the story of the other witnesses. We can not say they erred in this, and found a verdict which was against the evidence.

As to the question put by the presiding judge, which is complained of, the record shows it in this wise:

Question—Was you on that day at or near Dearborn and Thirty-second streets?

Answer—No, sir; I don't know where the street is.

Question by the court—You say you were born in Chicago? Answer—Yes, sir.

Question by the court—And you mean to tell this jury you don't know where Dearborn street is?

Objection to question being put by court in that form. Overruled. Exception.

Answer—I don't know where the place is.

In answering a further question put by defendant's attorney, defendant said he meant he didn't know where Young's place is, on Dearborn street, near Thirty-second street.

There does not appear to be anything really objectionable in this question. It would seem rather to have been one favorable to the prisoner, as giving the witness an opportunity to explain his former statement and prevent his being misunderstood, and such appears to have been the favorable result.

We find nothing in this record which should cause a reversal of the judgment, and it is affirmed.

*Judgment affirmed.*