THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. DONANTO DELUCE, Plaintiff in Error.

*Opinion filed December 15, 1908—Rehearing denied Feb. 4, 1909.*

1. CRIMINAL LAW—*credit to be given witnesses is a question for the jury.* The weight to be given the testimony of witnesses and the credit to be given the witnesses are questions for the jury, and the Supreme Court will not substitute its judgment for that of the jury and reverse a judgment of conviction on the facts unless satisfied, from a consideration of all the evidence, that there is reasonable doubt of the guilt of the accused.

2. SAME—*when jury may find that the accused was sufficiently identified.* In a prosecution for robbery, if the complaining witness testifies positively that the accused was one of the men who robbed him the jury may find that the accused was sufficiently identified, although the accused, his mother and his sister testify that he was at home at the time it was claimed the robbery was committed.

3. SAME—*when admitting proof that accused had foreign coin in his possession is not error.* Where a Russian coin, of certain value, was one of the articles taken during a robbery, it is not error to allow witnesses to testify that they saw the accused, after the robbery, with a Russian coin in his possession, without identifying the coin as to amount or in other particulars, where the accused admits that he had a Russian coin and explains his possession of it but does not attempt to show that it was different in amount from the one stolen.

4. SAME—*an instruction that possession of stolen property soon after a robbery is prima facie evidence of guilt is not erroneous.* Where there is evidence tending to show that the accused had some of the stolen property in his possession shortly after the robbery took place, it is not error to give an instruction stating, substantially, that possession of stolen property, the proceeds of a robbery or burglary, soon after the commission of the offense, is *prima facie* evidence of the guilt of the party in whose possession the property is found.

5. SAME—*when proof that revolver was loaded is not necessary.* A finding in the verdict in a robbery case that the defendant "was armed with a deadly weapon, with intent, if resisted, to kill and maim," is not unwarranted, even though there is no proof that the revolver, which the complaining witness testified was held by the defendant, was loaded; nor does the absence of such proof constitute a variance from the indictment, which charged that the defendant was armed with a *dangerous* weapon.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

CANTWELL & ROTH, for plaintiff in error:

Where the evidence is close the instructions must be accurate. *People* v. *McGinnis*, 234 Ill. 68; *Miller* v. *People*, 229 id. 376.

No presumption of guilt can arise where the property in possession of the accused is not satisfactorily shown to be the identical property taken. Wills on Circumstantial Evidence, (6th Am. ed.) 63; *Smith* v. *State*, 44 Tex. Crim. 81; *Roy* v. *State*, 34 id. 301; *Hilligas* v. *State*, 55 Neb. 586.

It is the recent possession, unexplained, without circumstances appearing which indicate that such possession is consistent with defendant's innocence, which constitutes evidence against the accused. *Watts* v. *People*, 204 Ill. 233; *Conkwright* v. *People*, 35 id. 204; *Orr* v. *State*, 107 Ala. 35; *Blaker* v. *State*, 130 Ind. 203; *Ingalls* v. *State*, 48 Wis. 647; *State* v. *Brady*, 121 Iowa, 561; *Oxier* v. *United States*, 1 Ind. Ter. 85; *Johnson* v. *Territory*, 5 Okl. 695; *State* v. *Walters*, 7 Wash. 246; *Robb* v. *State*, 35 Neb. 285.

Evidence of good character or of *alibi* should not be ignored, for such evidence may prevent any presumption of guilt from arising from proof of recent possession. *State* v. *North*, 95 Mo. 615; *State* v. *Edwards*, 109 id. 315; *State* v. *Wright*, 199 id. 161; *State* v. *Snell*, 46 Wis. 524.

Instructions authorizing a conviction on circumstantial evidence are erroneous where there is no circumstantial evidence showing guilt, and where such instructions may lead the jury into fields of conjecture and cause a conviction upon evidence from which an inference of guilt can not legally be drawn. *Kevern* v. *People*, 224 Ill. 170.

The mere fact that there was evidence tending to prove that the accused was armed was not sufficient to prove that

he had an intent to kill and maim if resisted. *Friederich v. People,* 147 Ill. 310; *Garrity* v. *People,* 70 id. 83; *Scott v. State,* 49 Ark. 156.

The finding of the jury was that the accused was armed with a "deadly" weapon, but to constitute aggravated robbery the statute requires that the accused should be armed with a "dangerous" weapon. Crim. Code, sec. 246.

Unloaded revolvers are classed by statute as deadly weapons. Crim. Code, sec. 54*a*.

A pistol, unless proved to be loaded, is not proved dangerous as a firearm. *State* v. *Godfrey,* 17 Ore. 300; *State v. Napper,* 6 Nev. 113.

Unless its size and weight are proved a pistol is not proved dangerous as a bludgeon. *Stephenson* v. *State,* 33 Tex. Crim. 162.

The statute requires that to constitute aggravated robbery the accused should have an intent to kill or maim the person robbed. Crim. Code, sec. 246.

The verdict must be responsive to the issues. *People* v. *Lemen,* 231 Ill. 193; *Mai* v. *People,* 224 id. 415.

W. H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (EDWARD S. DAY, and JAMES J. BARBOUR, of counsel,) for the People:

The positive identification of the defendant as the robber is not overcome by the family *alibi. Rogers* v. *People,* 98 Ill. 581; *Klein* v. *People,* 113 id. 596; *Schroeder* v. *People,* 196 id. 211.

Possession of stolen property soon after the commission of offense is *prima facie* evidence of guilt. *Smith* v. *People,* 115 Ill. 17; *Langford* v. *People,* 134 id. 444; *Magee* v. *People,* 139 id. 138; *Williams* v. *People,* 196 id. 173; *Watts* v. *People,* 204 id. 233; *Miller* v. *People,* 229 id. 376.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error was indicted in the criminal court of Cook county on the charge of robbing one Wladyslaw Matyasik, being then and there armed with a revolver, with intent, if resisted, to kill and maim. The jury found plaintiff in error guilty and also found him to be of the age of nineteen years. He was sentenced to the State reformatory at Pontiac, and to reverse this judgment and sentence this writ of error has been sued out.

Matyasik, the complaining witness, testified that at about eleven o'clock on the night of January 24, 1908, he was walking across the Taylor street bridge, in Chicago, when he was stopped by three men and told to hold up his hands; that the plaintiff in error was one of the men and had a revolver in his hands; that after he had held up his hands he was searched by the men, and they took from his person $12 in United States money, a Russian coin of the value of $5, a watch valued at $15 and a chain valued at $9, all belonging to him, and thereupon ran away. He reported the matter to the police, and next saw the plaintiff in error at the police station about two weeks later, where he was under arrest. Eddie Kasper and Joseph Kasper testified that a few days after January 24, 1908, they saw the plaintiff in error with a Russian coin in his possession. The plaintiff in error testified that he did not hold up the complaining witness nor take anything from him; that he was at home with his mother and sister all the evening in question and did not go out that night at all; that he was well acquainted with several Poles living in his neighborhood and was asked by some of his friends to get a Russian coin changed; that this was the coin the Kaspers saw in his possession; that he did not steal the coin and knew nothing of the robbery. His mother, Margaret Donato, testified that he was at home during the entire evening of January 24; that on the way to court with her daughter, Mary, she met the prosecuting witness, who said if she would pay

him $50 he would not prosecute the case. Mary, the daughter, who was nine years old, also testified that plaintiff in error was at home all the evening of January 24, and that as she was going to court to attend the trial, with her mother, the prosecuting witness said that if the mother would give him $50 he would not prosecute. One James Pacenti swore that he had known plaintiff in error for a long time and that his general reputation for honesty was good. There is no testimony in the record showing the business of the prosecuting witness, plaintiff in error or any of the other witnesses in the case.

Counsel insist that the evidence was not sufficient to justify the conviction. The weight to be given to the testimony and the credit to be given the various witnesses are purely questions for the jury. The law has entrusted to them the consideration of these questions, and this court has no right to interpose by substituting its own opinion when the jury have honestly and according to their best light performed this duty, unless satisfied, from a consideration of all the testimony, that there is a reasonable doubt of the guilt of the accused. (*Gainey* v. *People,* 97 Ill. 270; *Miller* v. *People,* 229 id. 376.) The jury had the witnesses before them and could judge of their intelligence, credibility and manner of testifying far better than this court.

In this connection counsel for the plaintiff in error insist that there was not sufficient identification of plaintiff in error to justify his conviction. Whether or not the bridge was sufficiently lighted for Matyasik to identify the robbers or whether he identified the plaintiff in error in some other way the record does not disclose. It does appear, however, that Deluce was positively identified by the prosecuting witness, and the only way this identification is contradicted is by the testimony of himself, his mother and sister that he was at home at the time the robbery was said to have been committed. The jury had before them all of these witnesses, under an instruction for plaintiff in error that his

237 — 35

identity as the guilty person must be proved beyond a reasonable doubt. It was a question of credibility between the witnesses on the two sides,—a question peculiarly within the province of the jury. (*Rogers* v. *People,* 98 Ill. 581.) They believed the prosecuting witness and disbelieved the story of the *alibi.* We cannot say that in doing this they found a verdict against the evidence.

Plaintiff in error insists that the court erred in giving instruction 4, which stated, in substance, that the possession of stolen property, the proceeds of a robbery or burglary, soon after the commission of the offense, is *prima facie* evidence of the guilt of the party in whose possession such property is found. Without doubt there are contradictory decisions on this branch of the law. In some jurisdictions the mere fact of recent possession is evidence against the possessor, while in others it is only unexplained recent possession which is evidence against the possessor. (25 Cyc. 131.) Whatever the law is as to the presumption of guilt, it is everywhere agreed that the question is one of fact and not of law. The jury must pass on all the evidence, and the weight to be given to such evidence is for the jury alone. The law does not presume guilt. 25 Cyc. 134, and cases there cited; 18 Am. & Eng. Ency. of Law, (2d ed.) 485.

Plaintiff in error insists that this court held in *Conkwright* v. *People,* 35 Ill. 204, that a similar instruction was erroneous. This court in *Comfort* v. *People,* 54 Ill. 404, had under consideration the question whether the *Conkwright case, supra,* laid down the doctrine contended for by plaintiff in error, and it was said (p. 407) : "It is insisted that the possession of property soon after it is stolen is not, of itself, *prima facie* evidence that it was stolen by the person in whose possession it is found, and the case of *Conkwright* v. *People,* 35 Ill. 204, is referred to in support of the position. If the case announces such a rule, it is too broad and should be limited." The opinion goes on to say that while such recent possession is *prima facie* evidence of

guilt, yet it should not control when it is explained by other evidence or surrounding circumstances; that "if the possession is recent after the theft, and there are no attendant circumstances or other evidence to rebut the presumption or to create a reasonable doubt of guilt, the mere fact of such possession would warrant a conviction." This court has frequently had this question, with varying facts, before it for consideration, and the doctrine laid down in the *Comfort case, supra,* has been repeatedly affirmed. (*Sahlinger* v. *People,* 102 Ill. 241; *Smith* v. *People,* 103 id. 82; *Langford* v. *People,* 134 id. 444; *Magee* v. *People,* 139 id. 138; *Williams* v. *People,* 196 id. 173; *Watts* v. *People,* 204 id. 233; *Miller* v. *People, supra.*) *Prima facie* evidence means presumptive evidence; at first view,—that is, evidence which authorizes but does not require conviction. (*State* v. *Brady,* 121 Iowa, 561.) It does not mean that after this *prima facie* evidence is introduced the burden shifts to the defendant, but only that if after the jury, considering all the evidence, including the evidence of recent possession and any explanation of such recent possession which may have been given, then entertain a reasonable doubt of the guilt of the accused he must be acquitted, (*Hoge* v. *People,* 117 Ill. 35; *People* v. *Casey,* 231 id. 261;) and that such proof is only sufficient to convict when unexplained. We think there was no error on this record in giving the instruction under consideration.

The plaintiff in error further insists that the court committed error in permitting the two Kaspers to testify that they saw a Russian coin in the possession of the plaintiff in error without identifying it as to amount or in other particulars. Plaintiff in error admitted the possession of a Russian coin and did not attempt to show that it was different in amount from the one which the complaining witness testified had been taken from him. This evidence was competent. The weight to be given to it is for the jury.

The instructions on circumstantial evidence were justified by the testimony. The instruction as to an accessory, complained of by the plaintiff in error, was properly given. From the testimony before us it might be fairly inferred that plaintiff in error himself did not take the property off the person of the complaining witness, but stood by holding a revolver.

Complaint is also made of the giving of instruction 10 for the prosecution, which it is agreed is the same as the fourth instruction for the People in *People* v. *Horchler,* 231 Ill. 566. We have considered the argument of plaintiff in error on this question and re-affirm the views expressed in that case.

We do not agree with the contention that the jury were not justified in finding that plaintiff in error had an intent to kill and maim because there was no proof that the revolver was loaded, or that there was a variance because such proof was not made.

Plaintiff in error also insists that the Indeterminate Sentence act is unconstitutional, urging, among other reasons, that the punishment under the act is not proportionate to the nature of the offense. Much of the argument found in the brief on this point would be more properly addressed to a legislative body than to a court. This court fully considered the constitutionality of this act on the matters involved, in *People* v. *State Reformatory,* 148 Ill. 413, and *George* v. *People,* 167 id. 447. These decisions fully cover all the points raised in the briefs. We see no reason to change or add to what we there stated.

We find no reversible error in the record. The judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*