(No. 16053.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER J. O'DONNELL, *et al.* Plaintiffs in Error.

*Opinion filed February 17, 1925.*

1. CRIMINAL LAW—*weight of testimony and credibility of witnesses are questions for jury.* The weight to be given the testimony and the credit to be given the witnesses are purely questions for the jury, as it is for the jury to determine on which side of a controversy the real truth lies where the testimony as to the material facts is directly in conflict and irreconcilable.

2. SAME—*when verdict of guilty will not be disturbed on review.* Where the evidence is conflicting and the jury have honestly and according to their best light returned a verdict of guilty, the Supreme Court has no right to interfere with the verdict unless it is satisfied, from a consideration of all the evidence, that there is a reasonable doubt of the guilt of the accused.

3. SAME—*what statements or declarations are admissible to identify accused.* In a prosecution for robbery, the prosecution may prove by officers who were present that the party robbed said, "That is the man," and made other similar statements in identifying the robbers when they were brought before him shortly after the commission of the crime, where none of the parties so accused denied the statements.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

JOSEPH B. McGLYNN, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, HILMAR C. LINDAUER, State's Attorney, and JAMES B. SEARCY, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiffs in error, Peter J. O'Donnell, Ben Tyhurst and Darby Carouth, were in the circuit court of St. Clair county, Illinois, indicted, tried, convicted and sentenced to the penitentiary upon a charge that on January 27, 1923, while armed with a dangerous weapon, they robbed James Dun-

can in the city of East St. Louis. The case is before this court for review upon writ of error.

It is contended by the plaintiffs in error that the State failed to prove, beyond a reasonable doubt, the guilt of any of them. The evidence shows that on January 27, 1923, while James Duncan, who was service station manager for the. Standard Oil Company at the oil station at Fifteenth street and Lynch avenue, in the city of East St. Louis, was sitting in the doorway of the station, an automobile was driven up to the station and two men stepped out of the machine, walked to where Duncan was sitting and one of them pointed a revolver at him and ordered him to "back inside." Duncan and the two men went into the station, where, after imprisoning him in the back room of the station, the two men robbed the station of about $37.30. After the robbery the three men drove away from the station in the automobile. Duncan had seen the same machine standing across the street from the station that morning for about an hour. Almost immediately after the robbery Duncan telephoned the police department, giving a description of two of the robbers and also of the automobile in which they were riding. Five police officers immediately went to the approach of the free bridge across the Mississippi river, at Tenth street and Piggott avenue, where they stationed themselves for the purpose of intercepting the robbers if they should attempt to cross the river to St. Louis, Missouri. Almost immediately thereafter a car answering the given description approached the bridge at a rate of speed estimated at about 35 or 40 miles per hour. The car was headed for St. Louis. Upon nearing the bridge approach where the officers were stationed the car suddenly swerved to the right on Piggott avenue. The police officers in a Ford touring car pursued the other car. After a devious course over several streets, some of which were muddy, both cars going at a speed of from 40 to 45 miles per hour during a portion of the time, the leading car, in which were the

three plaintiffs in error, reached the intersection of Main and Broadway streets and was there obliged to stop to permit passengers to get on and off a street car. The police car, which had been a block or more behind, caught up at this point and plaintiffs in error were arrested. Upon searching the car in which plaintiffs in error had been riding the officers found a five-dollar bill and eight one-dollar bills under the carpet in the rear part of the car and a buffalo nickel upon the floor. Upon the persons of plaintiffs in error about $10 was found. No other money nor any revolver was found upon them or in the car. The evidence shows that while upon one of the muddy streets, and while plaintiffs in error were a considerable distance ahead of the police car, the door of their car was opened for a short time.

Shortly after the arrest, and within about forty-five minutes of the commission of the crime, plaintiffs in error were taken by the police officers to the oil station, where O'Donnell and Tyhurst were immediately identified by Duncan as the two men who had robbed him. Carouth was not identified by Duncan, he having seen only the two robbers and getting a mere glimpse of the third, who was the driver and who remained in the car during the robbery. While upon the trial Duncan based his identification of the two men solely upon their wearing apparel, he testified that he identified O'Donnell and Tyhurst as being the men who robbed him, and also testified positively that the automobile in which plaintiffs in error were captured was the one used by the robbers.

Plaintiffs in error all testified as witnesses and denied any connection with the crime. The reason assigned by them for their presence in East St. Louis was that O'Donnell's sister had died the day previous and that they came to East St. Louis, as one expressed it, "to buy better whisky," and another of them stated that they came over to buy "cheaper whisky." Carouth gave as an additional excuse

for his presence in East St. Louis that he wanted to see a man to get a job as a taxi driver. Plaintiffs in error are not corroborated in any manner as to the reason of their presence in East St. Louis. They all testified that they resided in St. Louis, that they came to East St. Louis together, and that they were together all the time from the time of their arrival until their arrest. It follows, therefore, that if one of the defendants is guilty the other two must also be guilty.

While it is necessary, in order to warrant a conviction in this case, that the evidence should show, beyond a reasonable doubt, that plaintiffs in error were the parties who committed the robbery, yet the weight to be given to their identification and to the other matters in evidence was a question for the jury, whose most important and useful function is to determine upon which side of a controversy the real truth lies where the testimony as to the material facts is directly in conflict and irreconcilable. (*Gainey* v. *People*, 97 Ill. 270; *People* v. *Maciejewski*, 294 id. 390.) When the jury have honestly and according to their best light performed this duty, unless satisfied, from a consideration of all the evidence, that there is a reasonable doubt of the guilt of the accused this court has no right to interpose by substituting an opinion of its own. (*People* v. *Deluce*, 237 Ill. 541.) We are of the opinion that under the evidence in this case the jury were fully warranted in finding all of the defendants guilty in manner and form as charged in the indictment.

Plaintiffs in error complain of misconduct on the part of the State's attorney. We have searched the abstract in the case and find therein no ground for any such complaint.

Plaintiffs in error contend that the court erred in allowing the police officers to testify as to what took place at the oil station at the time it is claimed two of the plaintiffs in error were identified by the witness Duncan. The State was allowed to prove by the officers statements made by

Duncan in a conversation which he had with the plaintiffs in error at the time he pointed out the plaintiff in error O'Donnell and said, "That is the man," "Here is one of them," and "This is the man that stuck me up." These statements of Duncan were made in the presence of all the plaintiffs in error and no denial of the truth of the statements was made by any of them. O'Donnell was the only one of them who made any reply, and he said, "I am a workingman. I work for a living." On cross-examination of the police officers, and on the direct examination of some of plaintiffs in error, it was brought out by plaintiffs in error that Duncan pointed them out and "identified" them. We are of the opinion that under the circumstances in which the statements were made by Duncan there was no error in the admission of the testimony.

No reversible error having been shown, the judgment of the circuit court will be affirmed.          *Judgment affirmed.*