491 So.2d 371 (1986)
STATE of Louisiana
v.
Victor LINDSEY.
No. 85-KA-2263.
Supreme Court of Louisiana.
June 23, 1986.
Rehearing Denied September 4, 1986.
*373 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., for plaintiff-appellant.
Glenn L. Morgan, New Orleans, for defendant-appellee.
DENNIS, Justice.
Defendant is charged with issuing a worthless check for $111.24 to Sears Roebuck & Co. on May 1, 1985, in violation of La.R.S. 14:71. Defendant filed a motion to quash on the basis that, among other things, La.R.S. 14:71(A)(2) establishes an unconstitutional presumption. The trial court declared the presumption unconstitutional but held the remainder of the statute to be severable, and denied the motion to quash. The state appealed from the declaration of unconstitutionality. La. Const. art. 5, § 5(D)(1).
The issuance of a worthless check with the intent to defraud is a crime. R.S. 14:71. Moreover, the failure to pay a worthless check within ten days of constructive notice of its nonpayment is "presumptive evidence" of intent to defraud:
The offender's failure to pay a check, draft, or order, issued for value, within ten days after notice of its nonpayment upon presentation has been deposited by certified mail in the United States mail system addressed to the issuer thereof either at the address shown on the instrument or the last known address for such person shown on the records of the bank upon which such instrument is drawn or within ten days after delivery or personal tender of the written notice to said issuer by the payee or his agent, shall be presumptive evidence of his intent to defraud. La.R.S. 14:71(A)(2).
Defendant urges that the presumption established by this statute is a mandatory one, and that it is unconstitutional on its face. We disagree, interpreting the statute to create only a permissive presumption, *374 the validity of which must be tested, not in the abstract, but rather in connection with all the evidence in a particular case. County Court of Ulster County v. Allen, 442 U.S. 140, 157, 99 S.Ct. 2213, 2224-25, 60 L.Ed.2d 777 (1979); McCormick, Evidence, at 996 (3d ed. 1984).
Due process requires the prosecution to prove each element of a crime beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072-73, 25 L.Ed.2d 368 (1970). In criminal cases, a distinction has been made between "permissive presumptions" and "mandatory presumptions." A permissive presumption is one which allows, but does not require, the finder of fact to infer the fact which is an element of the crime from the basic fact that has been proven. A permissive presumption will generally be upheld unless there is no rational way that the finder of fact could make the connection permitted by the inference. This is because the finder of the fact is free to accept or reject the inference, which does not shift the burden of proof. Ulster County, supra, 442 U.S. at 157, 99 S.Ct. at 2224-25.
Mandatory presumptions are of two types: conclusive presumptions, which remove the presumed element from the case altogether if the state proves the basic predicate facts; and mandatory rebuttable presumptions, which relieve the state of the burden of persuasion on the presumed element unless the defendant persuades the finder of fact not to make such a finding. Francis v. Franklin, 471 U.S. 307, ___, 105 S.Ct. 1965, 1972-73, 85 L.Ed.2d 344, 355 (1985). A mandatory presumption is examined on its face to determine the extent to which the basic and elemental facts coincide. Ulster County, supra, 442 U.S. at 157-58, 99 S.Ct. at 2224-26. This court has adopted the "beyond a reasonable doubt" test for judging the validity of mandatory presumptions. State v. Searle, 339 So.2d 1194, 1205 (La.1976) (on rehearing). To sustain the use of a mandatory presumption to prove a crime or element of a crime, the prosecution must demonstrate that the presumed fact must beyond a reasonable doubt flow from the proven fact on which it is made to depend. State v. Cornell Jones, 481 So.2d 598 (La.1986). Ulster County, supra, 442 U.S. at 167, 99 S.Ct. at 2230; State v. Williams, 400 So.2d 575 (La.1981); State v. Taylor, 396 So.2d 1278 (La.1981); State v. McCoy, 395 So.2d 319 (La.1980); State v. Williams, 375 So.2d 931 (La.1979).
We agree with defendant that if R.S. 14:71(A)(2) establishes a mandatory presumption, then it would fail constitutional scrutiny. There are too many other reasonable explanations for failure to pay a dishonored check within ten days of the time notice of dishonor is mailed: the defendant may no longer reside at the address to which notice is sent; he may not be present at the address when the notice arrives; the notice may be lost, destroyed, delayed, or misrouted by the postal authorities or some third person; or the dishonor may be the result of a bookkeeping error, either the defendant's or the bank's. See State v. Williams, 400 So.2d at 580.
We conclude, however, that the language of R.S. 14:71(A)(2) is ambiguous as to whether it creates a mandatory or a permissive construction. When a statute is ambiguous, we generally interpret the statute in a constitutional rather than an unconstitutional manner, and with lenity toward the defendant. State v. Freeman, 411 So.2d 1068, 1072 (La.1982); State v. Cox, 344 So.2d 1024, 1025 (La.1977) Accordingly, we conclude that R.S. 14:71(A)(2) must be construed to establish a permissive presumption allowing the jury to be told that it may, but need not, find that the defendant possessed the intent to defraud based upon the basic facts set out in the statute.
Because of the sheer number of criminal statutes which use the words "presumptive evidence" or "prima facie evidence" that would fail the "reasonable doubt" test if construed to establish a mandatory presumption, we think it is at least doubtful or uncertain that the legislature intended such an unconstitutional construction of these statutes. See, e.g., R.S. 14:32 (negligent *375 homicide; violation of statute or ordinance only presumptive evidence of negligence); R.S. 14:39 (negligent injuring; violation of statute or ordinance only presumptive evidence of negligence); R.S. 14:39.1 (vehicular negligent homicide; violation of statute or ordinance only presumptive evidence of negligence); R.S. 14:67.3 (unauthorized use of access card; use of access card five days after actual notice presumptive evidence of intent to defraud; or failure to pay amount due ten days after notice mailed or actually delivered presumptive evidence of intent to defraud); R.S. 14:74 (neglect of family; deserting spouse or minor child in necessitous circumstances and not supporting for thirty days only presumptive evidence of elements of crime; receipt of AFDC only presumptive evidence of necessitous circumstances); R.S. 14:81.1 (pornography involving juveniles; possession of three or more of the same photographs, films, etc. prima facie evidence of intent to sell or distribute); R.S. 14:201 (unauthorized use or withdrawal of collateral securities; proof of the proscribed acts selling, repledging, etc. the collateralis prima facie evidence of criminal intent); R.S. 14:211 (purchasing timber not paid for or otherwise owned by seller; failure to obtain required sworn statement from seller is prima facie evidence of the buyer's fraudulent intent and guilty knowledge sufficient to warrant conviction); R.S. 14:220 (renting or retaining leased motor vehicle by false representations; failure to return vehicle within 15 days of sending notice by certified mail presumptive evidence of intent to defraud); R.S. 14:136 (public salary extortion; proof payments were collected from employees presumptive evidence payments made under duress); R.S. 14:140 (public contract fraud; fact that proscribed expenditure made is presumptive evidence that the person's power, position, or influence used to secure the expenditure).
Reviewing all these statutes, it does not seem reasonable that the legislature would have intended to establish mandatory presumptions in all these cases. Few, if any, of the elemental facts flow beyond a reasonable doubt from the basic facts on which the statutes base their presumptions. It seems at least equally reasonable if not more reasonable to conclude that the legislature intended "presumptive evidence" and "prima facie evidence" to signify only permissible inferences. Hence, we conclude that the statutes are ambiguous and should be interpreted as creating permissive presumptions.
We recognize that our holding conflicts with the statutory interpretation of some of our earlier cases, particularly State v. Williams, 400 So.2d 575 (La.1981) and State v. McCoy, 395 So.2d 319 (La. 1980). We emphasize that we agree with the enunciation of constitutional principles in these earlier cases; we only question the interpretations of the statutory phrases "presumptive evidence" or "prima facie evidence." After consideration of the statutes listed above, our earlier cases, and jurisprudence from other jurisdictions, we conclude that words such as "shall be presumptive evidence" create only a permissive inference, not a mandatory presumption.
This interpretation is in line with the prevailing view in other jurisdictions, where terms such as "presumptive evidence" and "prima facie evidence" in criminal cases have been interpreted to create only permissive inferences sufficient for the trier of fact to reach the stated conclusion, but not requiring such a conclusion. In such cases, the jury is told that it may reach the conclusion offered, but is not required to do so. See, e.g., People v. Lemmons, 40 N.Y. 2d 505, 387 N.Y.S.2d 97, 354 N.E.2d 836 (1976) (the state case preceding the federal habeas corpus proceedings culminating in Ulster County, supra); People v. Deluce, 237 Ill. 541, 86 N.E. 1080 (1908); State v. Poe, 123 Iowa 118, 98 N.W. 587 (1904); State v. Miller, 32 A. 137 (Del.1892); State v. Liquors & Vessels, 12 A. 794 (Me.1888). An example of a permissive presumption is the jury instruction contested in Ulster County:
*376 Our Penal Law also provides that the presence in an automobile of any ... firearm which is loaded is presumptive evidence of ... unlawful possession.
In other words, ... you may infer and draw a conclusion that such prohibited weapon was possessed by each of the defendants who occupied the automobile at the time when the instruments were found. The presumption ... is effective only so long as there is no substantial evidence contradicting the conclusion flowing from the presumption, and the presumption is said to disappear when such contradictory evidence is adduced....
The presumption ... need not be rebutted by affirmative proof or affirmative evidence but may be rebutted by any evidence or lack of evidence on the case.
Ulster County, supra, 442 U.S. at 161 n. 20, 99 S.Ct. at 2227 n. 20 (emphasis added).
The United States Supreme Court also seems to follow this interpretation. It has observed: "The most common evidentiary device is the entirely permissive presumption, which allowsbut does not require the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant. In that situation the basic fact may constitute prima facie evidence of the elemental fact." Ulster County, supra, at 157, 99 S.Ct. at 2224-25 (emphasis added).
This court followed the prevailing view by interpreting the negligent injury and negligent homicide statutes, which provide that certain basic facts "shall be considered only as presumptive evidence," as establishing permissive presumptions. State v. Hammontree, 363 So.2d 1364, 1372 (La. 1978). In State v. Williams, however, we departed from the preponderant authority, holding that the legislature's failure to include the word "only" converts the presumption from permissive to mandatory. 400 So.2d at 578-79. On reconsideration we do not think that the word "only" changes the essential meaning of "presumptive evidence"; it arguably makes the statutory language clearer, but a statement that certain facts shall provide a basis only for a permissive presumption is really no different from a statement that the facts form the basis for a permissive presumption. The difference is merely one of emphasis.
In Williams this court relied solely on a single legal dictionary's definition of "presumptive evidence." Williams, supra, at 579. Varying definitions have been assigned by other authorities, however. Webster's Third New International Dictionary equates "presumptive evidence" with "circumstantial evidence"; and it defines "circumstantial evidence" as "evidence that tends to prove a fact in issue by proving other events or circumstances which according to the common experience of mankind are usually or always attended by the fact in issue and that therefore affords a basis for a reasonable inference by the jury or court of the occurrence of the fact in issue." Also, CJS § 1017 equates "presumptive evidence" with "prima facie evidence," and notes that "prima facie evidence" is generally defined by statute as "that which suffices for the proof of a particular fact until contradicted and overcome by other evidence. Such evidence is not conclusive, but is merely sufficient as proof until or unless contradicted and overcome by other evidence ... Evidence may be prima facie or legally sufficient even though it is not `satisfactory' within the meaning of a statute defining `satisfactory evidence' as evidence which ordinarily produces moral certainty or conviction in an unprejudiced mind."
Because a permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond a reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, could cause the presumptively rational *377 fact finder to make an erroneous factual determination. Ulster County, supra, 442 U.S. at 157, 99 S.Ct. at 2224-25. A permissive presumption will be constitutionally acceptable if there is a rational way, considering all of the evidence in the case, that the jury could draw the inference suggested by the presumption. Whether a presumption is mandatory or permissive is to be gleaned from an analysis of the instructions to the jury. McCormick, supra, at 997.
For the reasons assigned, we conclude that R.S. 14:71(A)(2) establishes only a permissive presumption, that it is constitutional on its face, and that the defendant must test the validity of the presumption as it applies to him at trial in connection with the instructions to the jury and all of the evidence in the case. Accordingly, the judgment of the trial court declaring R.S. 14:71(A)(2) unconstitutional is vacated and the case is remanded for further proceedings consistent with this opinion.
VACATED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
BLANCHE, J., retired, participated in this case ad hoc, in place of COLE, J., the matter having been heard and submitted before Justice COLE replaced Justice BLANCHE on the Court.