EDWARDS, Judge.
Susan C. Tullier was convicted of issuing a worthless check in violation of LSA-R.S. 14:71. She was sentenced to pay a $25.00 fine plus court costs or serve ten days in jail. Defendant filed a writ of certiorari to this court which was denied on June 27, 1986. The Louisiana Supreme Court granted defendant’s writ and remanded the matter to this court for an opinion. 493 So.2d 1210. Defendant alleges that the evidence is insufficient to support her conviction because the state did not prove that she had the requisite intent to defraud. We disagree.
Susan Tullier wrote a check in the amount of $53.42 to Delchamps on September 14, 1985. She did not have enough money in her account to cover the check so it was returned to Delchamps stamped N.S.F. After trying unsuccessfully to collect the money from Ms. Tullier, Del-champs mailed her a certified letter on December 2, 1985 demanding that she hon- or the check within ten days. Delchamps subsequently turned the check over to Mr. Bradley Babin, the justice of the peace, for collection because defendant failed to pay for it. Mr. Babin already had three other checks which Ms. Tullier had bounced, so a warrant was issued and she was arrested on December 28, 1985.
Defendant assigns as error the insufficiency of the evidence to sustain her conviction. She contends that the trial court erred in finding that she intended to defraud Delchamps.
Ms. Tullier was charged with issuing a worthless check in violation of LSA-R.S. 14:71. To sustain her conviction, we must find that the state proved all of the following elements: (1) that the defendant issued a check in exchange for something of value; (2) with the intent to defraud; and (3) with the knowledge that at the time she wrote the check, she did not have enough money in her account for the check to clear when presented.
In the instant matter, Ms. Tullier testified that she issued the check in question to Delchamps for groceries. She further admitted that she knew that she did not have sufficient credit with her bank for the check to clear because her paycheck was late. Thus, the only remaining element in question is whether defendant intended to defraud Delchamps.
The prosecution did not have any direct evidence of Ms. Tullier’s fraudulent intent. It relied on the permissive presumption set forth in 14:71 to prove defendant’s state of *1003 mind. The statute provides that an offender’s failure to pay a worthless check within ten days of receiving notice of its nonpayment is “presumptive evidence of his intent to defraud.” LSA-R.S. 14:71.
The presumption created in 14:71 was closely scrutinized in State v. Lindsey, 491 So.2d 371 (La.1986). The court concluded that it is a permissive presumption since the judge is free to accept or reject the inference it provides. The presumption is valid only in cases where the evidence supports the inference it suggests. To determine whether the presumption was properly used in this case, we must review the evidence in its entirety.
Ms. Tullier testified that she did not have the money in the bank to pay for the check when she wrote it. Likewise, based upon the defendant’s own testimony, the judge could have reasonably found that the defendant knew the facts soon after the check was returned N.S.F. and that she knew that the payee was demanding that she pay it. She also admitted that she received the “10-day” warning letter from Delchamps. Further, defendant did not make restitution for the check until after she was arrested. Thus, the judge’s determination that defendant acted with an intent to defraud was reasonably supported by the evidence.
According to LSA-R.S. 15:438, when circumstantial evidence is involved the rule is that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” Moreover, the test of the sufficiency of circumstantial evidence is whether it satisfies a rational trier of fact that the defendant is guilty beyond a reasonable doubt. State v. Rosiere 488 So.2d 965 (La.1986). Its sufficiency does not depend upon “whether it produces the same conviction as the positive testimony of an eyewitness.” State v. Shapiro, 431 So.2d 372, 385 (La.1982).
In determining whether the evidence is sufficient to support a conviction, Louisiana appellate courts follow the due process standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To uphold a conviction, an appellate court must find that the evidence, when viewed in a light most favorable to the prosecution, was sufficient to convince a rational fact finder that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984).
We find that the state presented sufficient evidence to support defendant’s conviction for issuing a worthless check. Despite Ms. Tullier’s self-serving testimony to the contrary, the trier of fact could have reasonably found that she acted with an intent to defraud Delchamps because: (1) she knew the check had bounced but did not make restitution for it until after she was arrested; and (2) she admitted receiving the certified letter from Delchamps, yet made no effort to contact the store about the check.
AFFIRMED.