IzCANNELLA, Judge.
Plaintiffs, Ann Day and her husband, Albert Temes, appeal from a summary judgment granted in favor of defendants, Del-champs, Inc. (Delchamps), Mike Barbe and M. Smith, dismissing plaintiffs’ negligence action. For the reasons which follow, we reverse and remand.
Ann Day was in the Delchamps grocery located at 9647 Jefferson Highway on June 27,1990, and wrote a cheek for $88.25 for the groceries she purchased. The check was returned to the store because there were insufficient funds in the account. Thereafter, on September 6, 1990, Delchamps notified her by certified mail of the dishonored check and advised her to make restitution within ten days. On September 28, 1990, Del-champs filed charges against her with the district attorney’s office for issuing the worthless check. Sometime later, a Del-champs employee, Mike |3Barbe contacted *1005 Ann Day and advised her that her check had been dishonored and requested that she return to the store and redeem the cheek. On October 31, 1990, she returned to the store and paid the amount of the check plus a $15 service charge, for which she received a receipt. Delchamps never forwarded the information, that Ann Day had made restitution, to the district attorney’s office. On June 15, 1992, she went to the Alcohol and Beverage Office to get a license for a new job. When they ran her name on the computer they found the outstanding charges and contacted the sheriffs office. She was arrested, handcuffed and detained until bond could be posted. After Delchamps verified her information that she had made restitution two years earlier, the charges against her were dropped.
Ann Day and her husband filed suit against Delchamps to recover the damages that they suffered as a result of Delchamps’ alleged negligence in failing to inform the district attorney’s office that she had made restitution for the cheek. Defendants filed an answer to the petition and filed a motion for summary judgment. The trial court granted the summary judgment in defendants’ favor. It is from this judgment that plaintiffs appeal.
On appeal, plaintiffs argue that there are numerous questions of material fact existing in this case and that defendants are not entitled to judgment as a matter of law. We agree.
The legal principles regarding summary judgment are, of course, well settled. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. American Bank v. Saxena, 553 So.2d 836 (La.1989). The burden of proof is on the mover to establish that there are no genuine issues of material fact; only when reasonable minds must inevitably concur is summary judgment warranted. Id.
In this ease, the mover has not established that there are no genuine issues of material fact, or that he is entitled to judgment as a matter of law. Plaintiffs have asserted an action in negligence. They allege that they have been injured by defendants’ negligent actions, to wit, failing to inform the district attorney’s office that restitution had been made on the check which they had earlier turned over to the district attorney’s office for prosecution. As a result of their alleged negligent acts, some two years later, Ann Day was arrested, handcuffed and put in jail for several hours.
Defendants argue that plaintiffs’ petition fails to state a cause of action for malicious prosecution, false imprisonment or defamation and, therefore, was properly dismissed by summary judgment. While we agree with defendants’ argument that plaintiffs’ petition fails to state a cause of action on those three theories of recovery, we disagree with defendants’ conclusion that such a finding, thereby, mandates dismissal of plaintiffs’ action.
Plaintiffs’ claim, quite simply, rests on simple negligence grounds. Plaintiffs argue that because Delchamps informed the district attorney’s office that Ann Day had issued a bad check, and thereafter solicited and accepted restitution from her, they had the duty to then further inform the district attorney’s office that the check had been paid. Del-champs breached its duty. Plaintiffs’ case rests on the argument that Delchamps’ failure to inform the district attorney’s office of the payment was negligent, rendering | gthem liable for the damages caused by their negligent conduct. This is a separate and distinct claim from an action for malicious prosecution, false imprisonment or defamation.
In reviewing the pleadings, depositions, answers to interrogatories and admissions, in the light of plaintiffs’ negligence claim, we find that there are several unresolved factual questions concerning Delchamps’ duty to notify the district attorney’s office that Ann Day paid the money due from the bad check. There is even a question as to whether Del-champs had the right to accept the payment once the matter had been turned over to the district attorney’s office.
*1006 Further, defendants have not clearly shown that they are entitled to judgment as a matter of law. At least two cases cited by plaintiffs east serious doubt on defendants’ arguments of lack of liability. Jones v. Simonson, 292 So.2d 251 (La.App. 4th Cir., 1974); Firstley v. Bill Watson Ford, 268 So.2d 314 (La.App. 4th Cir.1972). In both of these cases the court found a duty in the defendants to correct inaccurate information they had supplied to the authorities, once the truth was discovered, concerning a crime for which the innocent plaintiffs were arrested.
Defendants argue that this case is distinguishable from those relied on by plaintiffs because Ann Day was guilty of the crime, regardless of the fact that she made restitution on the cheek. This too, however, is a factual question which must be resolved by the trial court. The criminal offense with which she was charged, issuing worthless checks, La. R.S. 14:71, creates a presumption of guilt where the person does not pay the check within 10 days of being notified of the default. However, it is a permissive presumption which can be overcome by other evidence. State v. Lindsey, 491 So.2d 371 (La.1986). In this case, while it is true that Ann Day did not pay the check within 10 days of the notice of default, it is also true that she did pay it just a short time later, when requested by phone to do so by Del-champs (through its manager). Thus, there is a factual question as to whether Ann Day, under all the facts, was guilty of the crime or not.
Therefore, we find that defendants have not met their burden, as mover for the summary judgment, of proving that there are no material facts at issue and that they are entitled to judgment as a matter of law.
Accordingly, for the reasons set forth above, we reverse the judgment of the trial court, granting summary judgment in favor of defendants and dismissing plaintiffs case and remand the case for further proceedings.
REVERSED AND REMANDED.