733 So.2d 1169 (1999)
STATE of Louisiana
v.
Michael Q. CARUSO.
No. 98-KA-1415.
Supreme Court of Louisiana.
March 2, 1999.
*1170 Richard P. Ieyoub, Attorney General, Paul D. Connick, Jr., District Attorney, Thomas J. Butler, New Orleans, Terry M. Boudreaux, Gretna, Caren M. Morgan, New Orleans, Donald A. Rowan, Jr., for Applicant.
Glenn L. Morgan, Beaux Bridge, for Respondent.
MARCUS, Justice.[*]
Michael Q. Caruso was charged by bill of information with violation of La. R.S. 14:220 in that on or about February 27, 1997, "he did with fraudulent intent wilfully refuse to return a leased vehicle to Enterprise Rent-A-Car." Defendant filed a motion to quash the bill of information on the ground that La. R.S. 14:220 was unconstitutional in that the statute contains a mandatory presumption and makes a petty matter a felony. After a hearing, the trial judge granted defendant's motion to quash finding that the final sentence of La. R.S. 14:220 A was unconstitutional. The trial judge did not address defendant's other constitutional challenges.
The state appealed to the court of appeal. The court of appeal transferred the case to this court pursuant to La. Const. Art. V, § 5(D)(1).[1] The sole issue presented for our determination is whether the final sentence of La. R.S. 14:220 A is constitutional.
Statutes are presumed valid and their constitutionality should be upheld whenever possible. State v. Griffin, 495 So.2d 1306 (La.1986). Louisiana criminal statutes shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision. La. R.S. 14:3.
At the time of the alleged offense, La. R.S. 14:220 provided in pertinent part:[2]
A. If any person rents or leases a motor vehicle and obtains or retains possession of the motor vehicle by means of any false or fraudulent representation including but not limited to a false representation as to his name, residence, *1171 employment, or operator's license, or by means of fraudulent concealment, or false pretense or personation, or trick, artifice, or device; or, if the person with fraudulent intent wilfully refuses to return the leased vehicle to the lessor after the expiration of the lease term as stated in the lease contract, the person shall be guilty of a felony and upon conviction thereof shall be subject to the penalty provided for in Subsection B of this Section. The offender's failure to return or surrender the motor vehicle within fifteen calendar days after notice to make such return or surrender has been sent by certified mail to the offender's last known address shall be presumptive evidence of his intent to defraud. (Emphasis added)
B. Any person found guilty of violating the provisions of this Section shall be fined not more than five hundred dollars or imprisoned not more than five years with or without hard labor, or both.
Defendant contends that the use of the language "shall be presumptive evidence" in the last sentence of the statute creates a mandatory presumption establishing defendant's intent to defraud, an element of the crime for which he has been charged, and impermissibly shifts the burden of proof to defendant to rebut the presumption. We disagree.
Due process requires the prosecution to prove each element of a crime beyond a reasonable doubt. In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Inferences and presumptions are a staple of our adversary system of factfinding whereby a trier of fact is permitted to determine the existence of an element of the crimethat is, an "ultimate" or "elemental" factfrom the existence of one of more "evidentiary" or "basic" facts. In criminal cases, the ultimate test of the validity of evidentiary presumptions is that they must not undermine the factfinder's responsibility at trial, based on evidence adduced by the state, to find the ultimate facts beyond a reasonable doubt. County Court of Ulster County v. Allen, 442 U.S. 140, 156, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
For purposes of due process analysis in criminal cases, a distinction has been made between presumptions which are mandatory and those which are permissive. A mandatory presumption instructs the factfinder that it must infer the presumed fact if the state proves certain predicate facts. Francis v. Franklin, 471 U.S. 307, 314, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).[3] A mandatory presumption is examined on its face to determine the extent to which the basic and elemental facts coincide. Ulster County, 442 U.S. at 158-59, 99 S.Ct. 2213. To sustain the use of a mandatory presumption to prove a crime or element of a crime, the prosecution must demonstrate that the presumed fact must beyond a reasonable doubt flow from the proven fact on which it is made to depend. Ulster County, 442 U.S. at 165-66, 99 S.Ct. 2213; State v. Lindsey, 491 So.2d 371, 374 (La.1986).
A permissive inference or presumption, on the other hand, allows, but does not require, the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and places no burden of any kind on the defendant. In this situation, the basic fact may constitute prima facie evidence of the elemental fact. Because the permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond the reasonable doubt" *1172 standard only if under the facts of the case, there is no rational way the trier of fact could make the connection permitted by the inference. Ulster County, 442 U.S. at 157, 99 S.Ct. 2213.
Over a decade ago, this court had the opportunity to address the constitutionality of a statute containing a presumption similar to the one in the instant case in State v. Lindsey, 491 So.2d 371 (La.1986). In Lindsey, the defendant challenged the constitutionality of La. R.S. 14:71 relative to issuing worthless checks. The statute provided that the offender's failure to pay a worthless check within ten days of constructive notice of its nonpayment "shall be presumptive evidence of his intent to defraud." Defendant argued in Lindsey as defendant does in this case that the presumption established by the statute was a mandatory one and that it was unconstitutional on its face. We concluded that the language of La. R.S. 14:71(A)(2) was ambiguous as to whether it created a mandatory or a permissive presumption. Applying the principle that ambiguous statutes should be interpreted in a constitutional rather than an unconstitutional manner and with lenity toward the defendant, this court concluded that the language in the statute created a permissive presumption that would allow the jury to be told that it may, but need not, find that the defendant possessed the intent to defraud based upon the basic facts set out in the statute. In reaching this conclusion the court recognized that a large number of other criminal statutes contained the language "shall be presumptive evidence" or "shall be prima facie evidence," including La. R.S. 14:220 A which we are addressing today, and noted that these statutes would fail constitutional scrutiny if the language were construed to establish mandatory presumptions. We held:
Reviewing all these statutes, it does not seem reasonable that the legislature would have intended to establish mandatory presumptions in all these cases. Few, if any, of the elemental facts flow beyond a reasonable doubt from the basic facts on which the statutes base their presumptions. It seems at least equally reasonable if not more reasonable to conclude that the legislature intended "presumptive evidence" and "prima facie evidence" to signify only permissible inferences. Hence, we conclude that the statutes are ambiguous and should be interpreted as creating permissive presumptions. Lindsey, 491 So.2d at 375.
We adhere to our reasoning in Lindsey and find that the language "shall be presumptive evidence" in La. R.S. 14:220 A creates a permissive presumption or inference, not an impermissible mandatory presumption. The application of the presumption in La. R.S. 14:220 A "allows but does not require" the trier of fact to infer the presumed fact of intent to defraud from the presentation by the prosecution of evidence that defendant failed to return or surrender the motor vehicle within fifteen calendar days after notice to make such return or surrender was sent by certified mail to defendant's last known address. In interpreting the statute as a permissive presumption, the presumed fact (intent to defraud) does not beyond a reasonable doubt flow from the proven fact (offender's failure to return the vehicle). The validity of the presumption as it applies to a particular defendant may be tested by the instructions to the jury and all of the evidence in the case.[4]Lindsey, 491 So.2d at 377.
Accordingly, we find that the last sentence of La.R.S. 14:220 A is constitutional.[5] *1173 The trial judge erred by granting defendant's motion to quash. We must reverse. Since the trial judge did not rule on defendant's other constitutional challenges to La. R.S. 14:220, these issues are not properly before us. On remand to the district court, defendant may re-urge these other constitutional challenges.

DECREE
For the reasons assigned, the judgment of the trial court declaring the last sentence of La. R.S. 14:220 A unconstitutional and sustaining the motion to quash is reversed. The case is remanded to the trial court for further proceedings according to law and consistent with the views expressed herein.
LEMMON, J., concurs and assigns reasons.
JOHNSON, J., concurs.
LEMMON, J. Concurring.
I reluctantly agree that the ambiguous language in La.Rev.Stat. 14:220 may be interpreted as the Legislature's intending to establish only a permissive presumption. I write separately to caution trial judges that simply parroting the statutory language, without an explanation in the jury instructions, may cause reversal of convictions.[1]
The real problem is that permissive presumptions are generally inappropriate in statutes which define a crime. While conclusive presumptions may be appropriately included in such statutes, inclusion of a permissive presumption generally serves no useful purpose. In the present statute, for example, proof that the defendant failed to return the vehicle within fifteen days of notice is clearly admissible as evidence bearing on the issue of intent to defraud. Thus the language does not facilitate the admissibility of evidence bearing on intent. Moreover, the jury, unless provided with further explanation in the trial judge's instructions, may erroneously construe the statutory language as making such evidence alone sufficient to support a conviction beyond a reasonable doubt, without any other evidence presented by the prosecution. In such a case, the statutory language would unconstitutionally shift the burden to the defendant to prove his or her innocence without the prosecutor's having established the defendant's guilt beyond a reasonable doubt.[2]Francis v. Franklin, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).
Therefore, the only apparent legitimate purpose of the statutory language is to permit the jury to consider such evidence as raising an inference that defendant acted with intent to defraud. The language, however, is unnecessary for that purpose, since the jury, in the absence of the statute, undoubtedly may consider such evidence (and other circumstantial evidence relevant to the issue of intent) as raising an inference with the intent to defraud.
These very valid concerns perhaps prompted my majority opinion in State v. McCoy, 395 So.2d 319 (La.1980), a six-to-one decision. And perhaps we went too far in our decision in the McCoy case that inclusion of such language in a statute is not constitutionally permissible, in the light of the reasoning of the Lindsey opinion. But as pointed out above, significant *1174 problems may occur if the judge instructs the jury by quoting the statutory language without explanation, perhaps misleading the jury into believing that a permissive presumption either is sufficient evidence either to prove intent to defraud beyond a reasonable doubt or to shift the burden to the defendant to prove his lack of intent to defraud.[3]See State v. Lollar, 389 So.2d 1315 (La.1980) (Lemmon, J., Concurring).
The Legislature, after Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and County Court of Ulster County v. Allen, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), perhaps attempted to remedy statutes which contained presumptions by declaring that the presumptions were "only presumptive evidence." It would have been far preferable to simply remove permissive presumptions from the statutes.
Moreover, if the Legislature desires to make it a crime to rent a vehicle and not return it within fifteen days of notice, then the Legislature can simply provide that such failure is an element of the crime, rather than classifying the failure as presumptive evidence.
NOTES
[*] Knoll, J., not on panel. Rule IV, Part 2, § 3.
[1] La. Const. Art. V, § 5(D) provides in pertinent part: "a case shall be appealable to the supreme court if (1) a law ... has been declared unconstitutional...."
[2] The statute was amended by La. Acts 1997, No. 790, after the date of defendant's alleged offense, to change the time period for failure to return the vehicle from fifteen to seven days and to make other changes.
[3] A mandatory presumption may be either conclusive or rebuttable. A conclusive presumption removes the presumed element from the case once the state has proved the predicate facts giving rise to the presumption. A rebuttable presumption does not remove the presumed element from the case but nevertheless requires the jury to find the presumed element unless the defendant persuades the jury that such a finding is unwarranted.
[4] We note that the jury instruction relative to the statute addressed in Lindsey found in the Louisiana Judge's Criminal Bench Book states in pertinent part that "if you find that the defendant failed to pay a check issued for value, within ten days after notice of its nonpayment upon presentation has been deposited by certified mail ... to the defendant at his last known address ... you may [but need not] infer from the evidence [alone] that the defendant had the intent to defraud." (Emphasis added)
[5] We recognized in Lindsey that our holding conflicted with the statutory interpretation in some of our earlier cases, particularly, State v. Williams, 400 So.2d 575 (La.1981) and State v. McCoy, 395 So.2d 319 (La.1980). To the extent that these cases are in conflict with our pronouncements in this case and in our earlier Lindsey decision, they are hereby overruled.
[1] The Lindsey case, relied on by the majority, was before the court in the pre-trial stage, as is the present case.
[2] If the prosecutor only introduced evidence that defendant rented the vehicle and then failed to return it within fifteen days of notice, and then rested, and if the defendant thereafter simply rested without introducing any evidence, then the evidence would be insufficient to support a conviction, since there are other reasonable hypotheses of innocence consistent with that evidence on intent to defraud.
[3] The average juror (as well as many attorneys and judges), upon hearing that something is presumed, immediately tends to believe that no further proof is necessary. It is therefore dangerous to use a derivative of the word "persumption" in a statute, unless the presumption is mandatory.