h CALOGERO, C.J.,
dissenting from the court’s denial. I would grant the writ and remand the case to the court of appeal for reconsideration under a correct construction of La. R.S. 14:71(A)(1).
La. R.S. 14:71(A)(1)(a) explicitly defines the offense of issuing worthless checks as “the issuing, in exchange for anything of value, whether the exchange is contemporaneous or not, with the intent to defraud, of any check .... ” The intent to defraud must therefore exist at the time the check is issued, i.e., coincident with the “first delivery of the instrument complete in form.” La. R.S. 14:71, Rptr. Cmt. (“It is assumed that the following definition of ‘issuing’ in Section 191 of the N.I.L. [former][R.S. 7:191] will be followed: ‘Issuing means the first delivery of the instrument complete in form, to a person who takes it as a holder.’ ”); see La. R.S. 10:3-105(a). The court of appeal therefore erred when it observed that “[r]egardless of what [defendant’s] intent was at [the time he issued the check], his intent to defraud became obvious when he did not follow the initial payment plan set up by his agreement with the president [of the holder of the check] and when he did not respond to the certified letter that the company sent to him.” State v. Albano, 98-1120, p. 8 (La. App. 4th Cir.7/21/99); 744 So.2d 239 (Not designated for publication).
The evidence at trial established that when the defendant issued the check he asked that it be held until he would receive payment on another account and |2would deposit that check into his bank account. The holder agreed not to cash the check issued by the defendant immediately and, in fact, did not attempt to cash it until a month later. The check bounced because, the defendant explained, his debtor stopped payment on its check, but only after the defendant had deposited the debtor’s check and after the defendant had told the holder of the check to go ahead and cash it. In connection with the defendant’s testimony, the defense introduced into evidence D-2, the check which had been made the subject of the stop payment order. Although the defendant did not ultimately make any payments to the holder of his check in response to the holder’s subsequent demands for payment, the presumption of intent to defraud arising from nonpayment after demand is a permissive one only. La. R.S. 14:71(A)(2); State v. Lindsey, 491 So.2d 371, 374 (La.1986). I would grant the application and remand this case to the court of appeal for reconsideration, under a correct construction of La. R.S. 14:71(A)(1), of whether a reasonable trier of fact could rationally use the permissive inference set out in the statute as the basis for finding beyond a reasonable doubt, in the circumstances of this case, that the defendant possessed the requisite intent to defraud at the time he issued, i.e., first delivered, his check to its holder.