734 So.2d 670 (1999)
STATE of Louisiana, Plaintiff-Appellee,
v.
Albert JONES, Defendant-Appellant.
No. CR98-1165
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
*671 Charles F. Wagner, Dist. Atty., Monique Yvette Metoyer, Alexandria, for State of La.
John Michael Lawrence, Shreveport, for Albert Jones.
BEFORE: THIBODEAUX, AMY, and SULLIVAN, Judges.
THIBODEAUX, Judge.
A six-person jury found the defendant, Albert Jones, guilty of theft of cigarettes having a value of between one hundred and five hundred dollars. He was sentenced to two years at hard labor. He alleges that the trial court erred in refusing to order a mistrial because of the prosecutor's reference to his failure to testify in his own defense.[1]
We reverse. The prosecutor's rebuttal comments that "[t]he problem is that this self-confessed liar [a co-defendant who testified for the State at trial] took responsibility for what he did and pled guilty. Mr. Jones does not want to take responsibility for his actions" constituted impermissible argument which violated the defendant's presumption of innocence under Article 1, Section 16 of the Louisiana Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. A mistrial was warranted under La.Code Crim.P. art. 775. We, therefore, remand for a new trial.

FACTS
On April 23, 1997, two men entered the Tobacco Plus store in Alexandria. Upon approaching the men to see if they needed assistance, the clerk witnessed that the men had stuffed cartons of cigarettes into their pants and were holding cartons in their arms. Upon seeing the clerk approach, the men ran out of the store. The clerk recognized one of the men as Johnny Tobin, someone he had met several days prior and who had also been in the store earlier that same day. The theft by the two men was caught on the store's security cameras. The store clerk was shown a photographic line-up and picked out the two individuals whom he believed had committed the theft. Johnny Tobin subsequently admitted to the theft and testified that the Defendant had been with him. The Defendant did not admit to the theft. During the trial, the store clerk identified the Defendant as being the second man who had stolen the cigarettes.
The prosecutor made the following comments in her rebuttal argument:
Ladies and gentlemen, I'm going to try to be brief, but what I do want to point out to you, Mr. Kutch wants to call Mr. Tobin a self-confessed liar. Well, is he lying? It corroborated by Mr. LeJeune [the store clerk] that the brand name of those cigarettes that were takenthey are the same. They are on the same page there. Is he lying when he said that he walked in there and got the cigarettes and that he and Mr. Jones talked about it together? That's exactly what Mr. LeJeune said. Is he laying [sic]when he says that they went in and they took these things and they are caught on a video tape? How is it that he's a self-confessed liar when what he is saying totally coincides with what Mr. LeJeune said took place that day? The problem is that this self-confessed liar *672 took responsibility for what he did and pled guilty. Mr. Jones does not want to take responsibility for his actions.
The Defendant objected and moved for a mistrial based on the State's allegedly improper references to his failure to testify. The trial court denied his motion for a mistrial and also denied his request to admonish the jury to disregard the remark.

LAW AND DISCUSSION
The Defendant contends that the remark was a direct reference to his failure to testify and, therefore, meets one of the grounds for mistrial listed in La.Code Crim.P. art. 770. Louisiana Code of Criminal Procedure Article 770(3) provides that:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
. . . .
(3) The failure of the defendant to testify in his own defense; ...
The comments made by the prosecutor were improper. However, they do not refer either directly or indirectly to the failure of the Defendant to take the stand and testify in his own defense. This is not to say, however, that these impermissible comments may be uttered with impunity.
The Defendant's closing argument characterized the co-defendant as a "self-confessed liar" whose testimony should not be given any weight by the jury. In response, the prosecutor in her rebuttal argument stated that "[t]he problem is that this self-confessed liar took responsibility for what he did and pled guilty. Mr. Jones does not want to take responsibility for his actions."
"The state's rebuttal shall be confined to answering the argument of the defendant." La.Code Crim.P. art. 774. The comments of the prosecutor exceeded the boundaries of this codal restriction. They were not limited to explaining why the codefendant was a credible witness or why his version of the facts surrounding the theft was believable and corroborated, despite his characterization as a "self-confessed liar." Rather, the remarks of the prosecutor focused on the failure of the Defendant to act similarly to the co-defendant and plead guilty. The jury was led to infer that because Mr. Jones, the defendant, did not want to take responsibility for his actions, as did Mr. Tobin, the co-defendant, Mr. Jones did not plead guilty.
An accused has the absolute right not to plead guilty. "Every person charged with a crime is presumed innocent until proven guilty and is entitled to a speedy, public, and impartial trial.... No person shall be compelled to give evidence against himself." La. Const. art. 1, § 16. The prosecutor's rebuttal comments violated the Defendant's constitutional right to the presumption of innocence.
A constitutional error does not automatically require reversal of a conviction. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The substantial rights of an accused must be affected before comments such as those at issue result in a reversal of a judgment of conviction. La.Code Crim.P. art. 921.
State v. Edwards, 591 So.2d 748, 752 (La.App. 1 Cir.1991), writ denied, 94-0452 (La.6/21/96); 675 So.2d 1072 recognized that:
The right to a fair trial is a fundamental liberty secured by the Sixth Amendment through the due process clause of the Fourteenth Amendment to the United States Constitution. Drope v. Missouri, 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103 (1975). The presumption of innocence, although not articulated in the United States Constitution, is a basic component of a fair trial under our system of criminal justice. Estelle v. Williams, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). Furthermore, under Article I, § 16 of *673 the Louisiana Constitution, every person charged with a crime is entitled to an impartial trial.
The principle that there is a presumption of innocence in favor of the accused is the undoubted law axiomatic and elementary; and its enforcement lies at the foundation of the administration of our criminal law. Coffin v. United States, 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481, 491 (1895). To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process. In the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt. Estelle v. Williams, 96 S.Ct. at 1693; In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375 (1970).
The right to the presumption of innocence is sacrosanct; it is inviolable. Indeed, "[t]wo of the most fundamental features of our criminal justice system are the presumption of innocence and the requirement that the state prove each element of a crime beyond a reasonable doubt." State v. Taylor, 396 So.2d 1278, 1279-1280 (La.1981).

HARMLESS ERROR
Louisiana has adopted the harmless-error analysis stated in Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). The test questions whether the guilty verdict was surely unattributable to the error. See State v. Johnson, 94-1379 (La.11/27/95); 664 So.2d 94. However, before the harmless error analysis is applied, it must be determined whether the error complained of was a "trial error" or a "structural error." Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). A "trial error" is one which occurs during the presentation of the case to the jury and can be quantitatively assessed in the context of other evidence presented to prove guilt. A "structural error" affects the framework within which the trial proceeds, rather than an error in the trial process. It defies harmless error standards and cannot be quantitatively measured. Id.
How do the rebuttal comments of the prosecutor affect the structural framework within which the trial proceeds? Those comments[2] injected in to the process the imprimatur of the state's representative on the jury. The comments had the high probability of allowing the jury to impose a lesser standard than guilt beyond a reasonable doubt during the deliberative process. The impermissible comments also had the highly prejudicial potential of permitting the jury to abdicate its standard of review in a criminal proceeding. They were unrelated to any truth-seeking function and aborted the presumption of innocence and right to a fair trial guaranteed by Article 1, Section 16 of the Louisiana Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.
Although Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 concluded that not every violation of a constitutional or statutory right requires reversal of a conviction, it also recognized that some rights are so basic to a fair trial that their infraction can never be treated as harmless error. The presumption of innocence is one of those rights. Its abrogation constitutes prejudicial conduct in the courtroom which made it impossible for the Defendant to obtain a fair trial. A mistrial is, therefore, ordered. La.Code Crim.P. art. 775. This case is remanded to the trial court for a new trial.

CONCLUSION
For the foregoing reasons, a mistrial is ordered, the Defendant's conviction is reversed, *674 and this case is remanded to the trial court for a new trial.
CONVICTION REVERSED, SENTENCE VACATED AND SET ASIDE, AND REMANDED TO THE DISTRICT COURT FOR A NEW TRIAL.
AMY, J., dissents.
NOTES
[1] Two other assignments of error were alleged but not briefed. They are considered to be abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
[2] "The problem is that this self-confessed liar took responsibility for what he did and pled guilty. Mr. Jones does not want to take responsibility for his actions."