Dear Sheriff Valteau:
You are requesting an Opinion from this Office regarding the legally permissible status of an employee under federal indictment.
Specifically, you asked:
 1) May a Deputy Civil Sheriff be placed on administrative leave with pay and all privileges of employment while a federal indictment against the individual is pending?
 2) In the alternative, may the Deputy Civil Sheriff be assigned to menial administrative duties which do not require the use of his commission or the exercise of authority?
 3) If the employee is allowed to perform his function in either one of the first two scenarios, would such employment constitute a violation of R.S. 42:1111(a)?
First, it is important to note that the deputy sheriff is an at-will employee who serves at the pleasure of the sheriff and you, as sheriff, have broad authority to dismiss the deputy if you so desire.
Beyond that, our constitution and jurisprudence has long held that a defendant's right to the presumption of innocence is sacrosanct and inviolable. (Article 1 sec. 16; State v. Jones,734 So. 2d 670 (La.App. 3 Cir. 1999)). Our Supreme Court has ruled that two of the most fundamental features of our criminal justice system are the presumption of innocence and the requirement that the state prove each element of the crime beyond a reasonable doubt. State v. Taylor, 396 So. 3d 1278 (La. 1981).
R.S. 42:1411(Public Officer; ground for removal; suspension; definitions) states that a public officer shall be removed from office for conviction, during his term of office, for a felony. Obviously, an indictment is not a conviction; therefore, the public officer should not be suspended or placed on any leave unless and until there is a final adjudication of a conviction.
Your letter requests an interpretation of "duly entitled" as it appears in R.S. 42:1111.
 R.S. 42:1111(Payment from nonpublic sources) states in Section A:
 A. (1) Payments for services to the governmental entity. No public servant shall receive anything of economic value, other than compensation and benefits from the governmental entity to which he is duly entitled, for the performance of the duties and responsibilities of his office or position . . .
 R.S. 42:1102 sets forth the Definitions for terms in this Chapter. (22)(a) defines "Thing of economic value," in pertinent part, as:
 money or any other thing having economic value, except promotional items having no substantial resale value; food, drink, or refreshments consumed by a public servant, including reasonable transportation and entertainment incidental thereto, while the personal guest of some person, and, with reference to legislators and employees in the legislative branch of state government only, reasonable transportation when organized primarily for educational or informational purposes, including food and drink incidental thereto, and includes but is not limited to:
 (i) Any loan, except a bona fide loan made by a duly licensed lending institution at the normal rate of interest, any property interest, interest in a contract, merchandise, service, and any employment or other arrangement involving a right to compensation. (ii) Any option to obtain a thing of economic value, irrespective of the conditions to the exercise of such option.
 (iii) Any promise or undertaking for the present or future delivery or procurement of a thing of economic value.
 (b) In the case of an option, promise, or undertaking, the time of receipt of the thing of economic value shall be deemed to be, respectively, the time the right to the option becomes fixed, regardless of the conditions to its exercise, and the time when the promise or undertaking is made, regardless of the conditions to its performance.
 (c) Things of economic value shall not include salary and related benefits of the public employee due to his public employment or salary and other emoluments of the office held by the elected official.
According to this definition, performance of any employment duties by the employee under indictment would not be a violation of R.S. 42:1111.
You also referenced Attorney General Opinions 02-0321 and 00-254. These reiterate the presumption of innocence instilled in our laws and provide that no employee can be suspended until convicted of the crime accused.
Additionally, the Ethics Administration is another avenue which should be explored to make sure you have fully researched this issue
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _____________________________ WILLIAM P. BRYAN, III Assistant Attorney General