THIBODEAUX, Chief Judge,
dissenting.
hi adhere to my views expressed in State v. Jones, 98-1165 (La.App. 3 Cir. 2/3/99), 734 So.2d 670.
The prosecutor’s comments' here similarly drew attention to Defendant’s failure to “act similarly” to his co-defendant, Ms. Williams, and “take responsibility.” This court determined the comment in Jones — a comment on defendant’s failure to plead guilty — to be' a structural error, or one which “affects the framework within which the trial proceeds[]” and which “defies harmless error standards!)]” Id. at 673. We went on to elaborate:
Those comments injected in to the process the imprimatur of the state’s representative on the jury. • The comments had the high probability of allowing the jury to impose a lesser standard than guilt beyond a reasonable doubt during the deliberative process. The impermissible comments also had the highly prejudicial potential of permitting the jury to abdicate its standard of review in a - criminal proceeding. They were unrelated to any truth-seeking function and ■aborted the presumption of innocence and right to a fair trial guaranteed by Article 1,-Section 16 of the Louisiana Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.
Id. (footnote omitted). This court concluded: “[S]ome rights are,so basic to a fair trial that their infraction can never be treated as harmless error. The presumption 12of innocence is one of those rights.” Id. In this case, Mr. Bentley’s presumption of innocence ■ was compromised, and his right to a fair trial impaired.
For the foregoing reasons, I would reverse Defendant’s conviction and remand for a new trial.